RECEIVED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Dimension D, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:06cv113-SRW |
| | ) |
| Biomass Resources, Inc., et al | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that defendant Biomass Resources, Inc. ("Biomass"), by its undersigned counsel, hereby removes the above-captioned action from the Circuit Court of Autauga County, Alabama, to the United States District Court for the Middle District of Alabama, Northern Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and respectfully states to this Court the following:

1. This action involves allegations regarding an alleged oral contract between Shane Gaither a principal of Dimension D, LLC, upon information and belief, a resident of Autauga County Alabama, and Biomass Resources, Inc., a corporation organized and existing under the laws of the State of New Hampshire.

2. On or about December 29, 2005, Plaintiff Dimension D, LLC ("Plaintiff") commenced this action against Biomass and several other defendants, by filing a Complaint in the Circuit Court of Autauga County, Alabama, bearing Case Number 05-409 (the "Complaint").

3. As more fully set out below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Biomass has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

I. **BIOMASS HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.**

4. This Notice of Removal is being timely filed pursuant to 28 U.S.C. § 1446(b). Biomass was served with a copy of the Summons and Complaint on January 6, 2006. Upon information and belief, no other defendant was served prior to January 6, 2006; (True and correct copies of all process, pleadings, discovery, and orders served upon defendants to date in the Circuit Court of Autauga County, Alabama, are attached hereto collectively as Exhibit A.) Thus, this Notice of Removal is timely as it is being filed within thirty days of January 6, 2006. *See* 28 U.S.C. § 1446(b).

5. The United States District Court for the Middle District of Alabama embraces the place in which the removed action was pending. 28 U.S.C. §§ 89(c), 1441(a).

6. Biomass has obtained the consent of all putative defendants for removal. See Exhibit B.

7. No previous application has been made for the relief requested herein.

8. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff, and a copy is being filed with the Clerk of the Circuit Court of Autauga County, Alabama.

## II. REMOVAL IS PROPER IN THIS CASE.

### A. Diversity Jurisdiction

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states.

#### 1. The Amount In Controversy Requirement Is Satisfied.

10. It is apparent from the face of the Complaint that Plaintiff seeks recovery of an amount in excess of $75,000, exclusive of costs and interest. Although Plaintiff artfully pleads its damages to total $73,786.44, it arbitrarily picks July 19, 2005 as a cut off date for damages and also arbitrarily picks 20 months in order to arrive at an amount of damages just below the $75,000 amount in controversial.

11. More importantly, in its prayer for relief Plaintiff requests judgment "for all compensatory damages to which Dimension D LLC is entitled." (Complaint at p.6) Plaintiff's perfunctory reference thereafter to an "amount less than $75,000" is inconsequential. See Werwinski v. Ford Motor Co., 286 F.3d 661 (3d Cir. 2002). In Werwinski, a motion for remand was denied by the district court, and Plaintiffs appealed. In upholding the denial of remand, the Third Circuit Court of Appeals noted that although in various places the Plaintiffs had delineated damages less than $75,000.00, they had in their prayer for relief requested "compensatory damages." Id. at 666. Relying on this request, the court upheld the district court's denial of remand because the district court "properly held that the complaint did not restrict appellant's recovery" to only those damages specifically enumerated in the complaint because the request

3

for "compensatory damages" would allow a jury to award damages beyond those specifically delineated. Id at 667.

12.  Thus, Plaintiff's artful pleading that the amount in controversy is $73,786.44 is not controlling, since Plaintiff also requests all compensatory damages to which he is entitled, which may include amounts beyond the $73,786.44 that Plaintiff specifically requests.

   2.  **There Is Complete Diversity Of Citizenship.**

13.  There is complete diversity as between Plaintiff and Biomass and the other defendants.

14.  On information and belief, Plaintiff is, and was at the time suit was filed, a limited liability company organized and existing under the laws of the State of Alabama. (Complaint ¶ 1). Upon information and belief, the managing member of Plaintiff is Shane Gaither, a resident of Autauga County, Alabama. (Complaint ¶ 1). Therefore, Plaintiff is a citizen of the State of Alabama for purposes of determining diversity. 28 U.S.C. § 1332(a); 1332(c)(2).

15.  Defendants Biomass and Greg True were at the time Plaintiff commenced this action, residents of the State of New Hampshire and, therefore, citizens of New Hampshire for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

16.  The Sunbury Group, Inc. and Fiber M. Technologies are residents of the State of Maine and, therefore, citizens of Maine for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

17. Defendant The Virtual Chip Doctor is the trade name of a joint venture between the Defendants. As such, it is not an entity that can be sued. However, to the extent a trade name for a project can be sued, at the time Plaintiff commenced this action, The Virtual Chip Doctor was a joint venture of Maine and New Hampshire residents and would be a citizen of either the State of New Hampshire or Maine for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

18. The Complaint also includes a number of fictitious defendants, whose citizenships are ignored for removal purposes. 28 U.S.C. § 1441(a).

B. **Federal Question Jurisdiction**

19. Removal is also appropriate as this Court has jurisdiction because this case arises from issues controlled by federal copyright and patent law and thus federal question jurisdiction exists pursuant to 28 U.S.C. 1331 and 1338.

20. This case arises from a controversy over whether the Plaintiffs have any proprietary interest in certain formulas, programs, software, and other materials that form the basis of Plaintiffs complaint.

21. Plaintiffs by letter dated August 20, 2004 asserted that it had an interest in "Intellectual Property" it alleged was being used by the Defendants, and demanded that Biomass "immediately cease use of the proprietary algorithm and any derivative of the algorithm (referred to as the "Dimension D Intellectual Property")." See Exhibit C.

22. Thereafter, Plaintiffs brought the Complaint in Alabama State Court and omitted any reference to the "Intellectual Property" issues but brought state law actions based in part on what it alleges was an oral contract entered into in 2002.

23. Generally, actions alleging contract theories for recovery do not qualify for federal question jurisdiction, even where the contract disputes relate to payments pursuant to contracts regarding the use of patents, copyrights, or other intellectual property. However, under the facts of this case, the general rules relating to these issues and the well-pleaded complaint rule should not be controlling.

24. Plaintiffs here have brought actions for recovery based upon what it asserts was an oral contract formed some time in 2001 or 2002. Plaintiffs further allege that it was paid all amounts due for the initial period of at least a year following the alleged contract. Thereafter, Plaintiffs assert they are entitled to be paid for an additional time period of up to nearly four years total. However, if these claims and requests for relief were brought solely on a contract theory, the action is unquestionably barred by the Statute of Frauds, as clearly being an alleged oral contract with a term far in excess of one year.

25. Thus, the only possible or logical theory upon which the claims can be based would be upon an assertion that the algorithms, derivative software, and other intellectual property are protectable under federal copyright or patent law. This conclusion is supported by Plaintiffs demand prior to the filing of the complaint that Biomass immediately cease use of Plaintiffs proprietary intellectual property. Therefore, Plaintiffs cause of action dealing with issues clearly beyond any period for which the oral contract could survive the Statute of Frauds

must necessarily turn on a determination of whether or not Plaintiffs have any valid copyright or patent rights that are protectable pursuant to federal law.

26.  As a result, this action will be governed almost exclusively by reference to intellectual property issues involving copyright and patent laws, and this action is, therefore, governed by federal law that creates federal question jurisdiction based upon preemption. See 28 U.S.C. § 1338 (patent preemption) and 17 USC § 301 (regarding preemption of state law actions involving copyrights).

WHEREFORE, Defendant Biomass respectfully removes this action from the Circuit Court of Autauga County, Alabama, to this Court pursuant to 28 U.S.C. § 1331 and 1441.

Date: February 6, 2006.

_____
David W. Proctor (PRO012)
Max A. Moseley (MOS029)

Attorneys for Defendant
Biomass Resources, Inc.

JOHNSTON BARTON PROCTOR & POWELL LLP
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618
Telephone:   (205) 458-9400
Facsimile:    (205) 458-9500
E-mail:        dwp@jbpp.com
                   mam@jbpp.com

OF COUNSEL


## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing Notice of Removal upon the following counsel of record by placing a copy of same in the United States mail, properly addressed and postage prepaid, to the following on this the 6th day of February 2006:

> R. Lane Finch, Jr.
> Jamie A. Johnston
> Reginald L. Jeter
> Haskell Slaughter Young & Rediker, L.L.C.
> 1400 Park Place Tower
> 2001 Park Place
> Birmingham, Alabama 35203-2618

_____
Of Counsel

W0541241.DOC