# EXHIBIT A

IN THE CIRCUIT COURT OF AUTAUGA COUNTY, ALABAMA

| | |
|---|---|
| Dimension D, LLC., )<br>Plaintiff, )<br> )<br>v. )<br> )<br>Greg True, Biomass Resources, Inc., The )<br>Sunbury Group, Inc., The Virtual Chip )<br>Doctor, Fiber M Technologies, Inc., and )<br>Fictitious Defendants A, B, C, D, and E, )<br>being those individuals or entities which )<br>discovery may reveal to be obligated for )<br>the services furnished by the plaintiff or to )<br>be in some other way liable for those )<br>matters asserted in the complaint, )<br>Defendants. ) | CIVIL ACTION NO.:<br>CV-05-409.F |

## COMPLAINT FOR MONEY DAMAGES

COMES NOW PLAINTIFF DIMENSION D, LLC and makes the following complaint against the defendants:

**The Parties**

1. Dimension D, LLC ("Dimension D") is an Alabama limited liability company. The managing member of Dimension D, LLC is and at all material times was Shane Gaither.

2. Defendant Greg True ("True") is, on information and belief, a New Hampshire resident and over the age of nineteen.

3. Defendant Biomass Resources, Inc. ("Biomass") is, on information and belief, a New Hampshire corporation having its principal place of business in Ossipee, New Hampshire.

4. Defendant The Sunbury Group, Inc. ("Sunbury") is, on information and belief, a Maine corporation having its principal place of business in Bangor, Maine.

5. Defendant Fiber M Technologies, Inc. ("Fiber M") is, on information and belief, a Maine corporation having its principal place of business in Bangor, Maine.

6. Defendant The Virtual Chip Doctor ("TVCD") is an entity whose form is unknown. On information and belief, TVCD is a joint venture or partnership between Greg True, Biomass, Sunbury, Fiber M, and/or Fictitious Defendants A,B,C,D, and/or E.

7. Defendants sued herein under the fictitious names of A, B, C, D, and E, are sued under such fictitious names pursuant to the terms and provisions of Alabama Rules of Civil Procedure, rule 9(h). The plaintiff is informed and believes and thereon alleges that each of said fictitious defendants is somehow legally responsible for those matters hereinafter alleged. The plaintiff does not at this time know the true names and/or capacities of said defendants but prays the same may be inserted herein when ascertained.

### General Allegations

8. Between March 1, 2002, and September 30, 2002, the defendants requested that the plaintiff provide services to create a model or proprietary algorithm to calculate the potential or actual savings from the optimization of wood chip quality (herein the "Proprietary Algorithm") for the defendants' website, www.thevirtualchipdoctor.com, on a non-exclusive basis. The plaintiff supplied the Proprietary Algorithm to the defendants and it has been in use on www.thevirtualchipdoctor.com since approximately April 2002.

9. In exchange, the defendants agreed to pay the plaintiff 8 percent of the gross sales to customers who used the Fiber Model on www.thevirtualchipdoctor.com and 16

2

percent of gross sales to all customers secured by Dimension D who used the Fiber Model on www.thevirtualchipdoctor.com (referred to as "TVCD Customers"). The agreement between the Plaintiff and the Defendants relating to the development and use of the Proprietary Algorithm (described in this and the preceding paragraphs) is referred to herein as the "Contract."

10. The negotiations for the Contract took place between Shane Gaither, as managing member of plaintiff, and Greg True, individually and/or as officer and/or agent of defendants Biomass, Sunbury, Fiber M, TVCD, and Fictitious Defendants A, B, C, D, and E, and each of them.

11. At all times material to the formation of the Contract, Mr. Gaither was located in Prattville, Alabama.

12. Plaintiff developed the Proprietary Algorithm in Prattville, Alabama, and sent the algorithm to the defendants from Prattville, Alabama.

13. The Proprietary Algorithm on www.virtualchipdoctor.com was used by TVCD customers and the defendants continue to use the Proprietary Algorithm on www.thevirtualchipdoctor.com. The defendants also use the Proprietary Algorithm as a marketing tool to attract potential customers and retain existing customers.

14. From approximately June 21, 2002 until January 12, 2004, the defendants paid the plaintiff, pursuant to the Contract, what was purported to be 8 percent of the gross revenues generated from TVCD Customers.

15. Since approximately January 13, 2004, the defendants have failed and refused to pay for use of the Proprietary Algorithm and otherwise breached the Contract.

**Plaintiff's First Claim**
**Breach of Contract**

3

16. Plaintiff incorporates herein by reference the allegations in the preceding paragraphs.

17. Defendants True, Biomass, Sunbury, Fiber M, TVCD, and Fictitious Defendants A, B, C, D, and E, and each of them, breached the Contract by failing and refusing to pay for use of the Proprietary Algorithm pursuant to the Contract.

18. The plaintiff performed all of its obligations under the Contract.

19. As a proximate result of the defendants' breach of contract, the plaintiff was damaged in the amount of $37,096.50 as of July 19, 2005 plus approximately $1,834.50 per month thereafter for 20 months for total damages of $73,786.44, plus accrued interest.

### Plaintiffs' Second Claim
### Open Account

20. Plaintiff incorporates herein by reference the allegations in the preceding paragraphs.

21. Defendants True, Biomass, Sunbury, Fiber M, TVCD and Fictitious Defendants A, B, C, D, and E, and each of them, as of July 19, 2005 owe the plaintiff the sum of $37,096.50 as of July 19, 2005 plus approximately $1,834.50 per month thereafter for 20 months for total damages of $73,786.44, plus accrued interest.

### Plaintiff's Third Claim
### Account Stated

22. Plaintiff incorporates herein by reference the allegations in the preceding paragraphs.

23. The plaintiff claims $37,096.50 as of July 19, 2005 plus approximately $1,834.50 per month thereafter for 20 months for total damages of $73,786.44, plus accrued interest, from True, Biomass, Sunbury, Fiber M, TVCD, and Fictitious Defendants

4

A, B, C, D, and E, and each of them, due by accounts stated on or about April 2, 2004 and August 16, 2005.

24. The defendants have failed or refused to pay same.

### Plaintiff's Fourth Claim
### Money Had and Received

25. Plaintiff incorporates herein by reference the allegations in the preceding paragraphs.

26. Defendants True, Biomass, Sunbury, Fiber M, TVCD, and Fictitious Defendants A, B, C, D, and E, and each of them, received money from TVCD Customers which money rightfully belongs to the plaintiff.

27. As a proximate result of the defendants' wrongful conduct, the plaintiff has been damaged in the amount of $37,096.50 as of July 19, 2005 plus approximately $1,834.50 per month thereafter for 20 months for total damages of $73,786.44, plus accrued interest.

### Plaintiff's Fifth Claim
### Work and Labor Done

28. Plaintiff incorporates herein by reference the allegations in the preceding paragraphs.

29. Defendants True, Biomass, Sunbury, Fiber M, TVCD, and Fictitious Defendants A, B, C, D, and E, and each of them, knowingly accepted the plaintiff's services in connection with the Proprietary Algorithm and the benefit and result of those services.

30. As a proximate result of the defendants' wrongful conduct, the plaintiff is entitled to recover the reasonable value of its services together with interest from the last date on which the services, to wit: $37,096.50 as of July 19, 2005 plus approximately

5

$1,834.50 per month thereafter for 20 months for total damages of $73,786.44, plus accrued interest.

WHEREFORE, plaintiff demands judgment against defendants True, Biomass, Sunbury, Fiber M, TVCD, and Fictitious Defendants A, B, C, D, and E, and each of them, jointly and severally, for all compensatory damages to which Dimension D, LLC is entitled in an amount less than $75,000 to be determined by a jury, plus interest and costs.

RESPECTFULLY SUBMITTED,

DATED:   December 29, 2005.

_____
F. LANE FINCH, JR. (FIN017)
JAMIE A. JOHNSTON (JOH164)
REGINALD L. JETER (JET005)
Attorney for Dimension D, LLC.

**OF COUNSEL:**

Haskell Slaughter Young & Rediker, L.L.C.
1400 Park Place Tower
2001 Park Place
Birmingham, Alabama 35203-2618
Telephone (205) 251-1000
Facsimile (205) 324-1133

Haskell Slaughter Young & Gallion, L.L.C
305 South Lawrence Street
Montgomery, Alabama 36104
Telephone (334) 265-8573
Facsimile (334) 264-7945

6

## DEMAND FOR JURY

Plaintiff demands a trial by struck jury.

DATED:    December 29, 2005.

_____
OF COUNSEL

### SERVE DEFENDANTS AT:

Greg True
35 Center Street
Wolfeboro, New Hampshire 03896

Biomass Resources, Inc.
127 Route 28
Ossipee, New Hampshire 03896

The Virtual Chip Doctor
c/o Greg True
127 Route 28
Ossipee, New Hampshire 03896

The Sunbury Group
60 Columbia Street
Bangor, Maine 04401

Fiber M Technologies, Inc.
257 Harlow Street, Suite 205
Bangor, Maine 04401

441732

IN THE CIRCUIT COURT OF AUTAUGA COUNTY, ALABAMA

| | |
|---|---|
| Dimension D, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | |
| Greg True, Biomass Resources, Inc., The ) | CV-05-409.F |
| Sunbury Group, Inc., The Virtual Chip ) | |
| Doctor, Fiber M Technologies, Inc., and ) | |
| Fictitious Defendants A, B, C, D, and E, ) | |
| being those individuals or entities which ) | |
| discovery may reveal to be obligated for ) | |
| the services furnished by the plaintiff or to ) | |
| be in some other way liable for those ) | |
| matters asserted in the complaint, ) | |
| ) | |
| Defendants. ) | |

## SUMMONS

Service by certified mail of this summons is initiated upon the written request of the plaintiff's attorney pursuant to Rules 4.1(c), 4.2(b)(1), or 4.4(b)(1) of the Alabama Rules of Civil Procedure. The defendant's address is:

Greg True
35 Center Street
Wolfeboro, New Hampshire 03896

### NOTICE TO DEFENDANT

The complaint which is attached to this summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written answer, either admitting or denying each allegation in the complaint, to F. Lane Finch, Jr. the attorney for the plaintiff, whose address is Haskell Slaughter &

Young, L.L.C., 1200 AmSouth/Harbert Plaza, 2001 Park Place North, Suite 1400, Birmingham, Alabama 35203, and whose phone number is (205) 251-1000.

**THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT, AS EVIDENCED BY THE RETURN RECEIPT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.** You must file the original of your answer with the clerk of this court within a reasonable time afterwards.

_12-30-05_
Date

_Whit Moncrief_
Clerk of Court

2