IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2006 FEB -6  P 4: 14

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| Dimension D, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. ___ 2: 06CV113-SRW |
| | ) | |
| Biomass Resources, Inc., et al | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION BY
DEFENDANTS, BIOMASS RESOURCES, INC., ET AL.**

Defendants, Biomass Resources, Inc.  ("Biomass"), Greg True ("True"), The
Sunbury Group, Inc. ("Sunbury"), The Virtual Chip Doctor ("VCD"), and Fiber M
Technologies ("Fiber") (collectively the "Defendants") move the Court by and through
their undersigned counsel, pursuant to Federal Rules of Civil Procedure Rule 12(b)(1), to
dismiss this action for lack of personal jurisdiction.  In support of this motion, Defendants
state as follows:

I.    **Introduction and Background**

1.    On or about December 29, 2005, plaintiff Dimension D, LLC ("Plaintiff")
commenced this action against the Defendants by filing a Complaint in the Circuit Court
of Autauga County, Alabama, bearing Case Number 05-409 (the "Complaint").

2.    Contemporaneously with the filing of this motion, Defendant Biomass
removed the case to this Court pursuant to 28 U.S.C. § 1441.

3.    Biomass is a corporation organized and existing under the laws of the
State of New Hampshire.  The Sunbury Group, Inc. and Fiber M. Technologies are

corporations organized and existing under the laws of the State of Maine.  Greg True is a resident of the State of New Hampshire.  VCD is a project worked on jointly by Biomass and Sunbury, and not a separate legal entity.

4.    On information and belief, Plaintiff is, and was at the time suit was filed, a limited liability company organized and existing under the laws of the State of Alabama. (Complaint ¶ 1).  Upon information and belief, the managing member of Plaintiff is Shane Gaither, a resident of Autauga County, Alabama. (Complaint ¶ 1).

5.    Shane Gaither, managing member for Plaintiff, initiated contact with Biomass in New Hampshire sometime in late 2001 inquiring about the possibility of entering into a business relationship or working for Biomass.  Thereafter, sometime in or around May of 2002, Plaintiff entered into a relationship with Biomass to provide consulting work to Biomass on a project then ongoing in New Hampshire.  In and around June of 2003 Plaintiff ceased all work for and contact with Biomass.

## II.    ARGUMENT

### A.    This Court May Decide the Personal Jurisdiction Issue Prior To a Determination of Subject Matter Jurisdiction Pursuant to *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999).

Where, as is the case here, complicated subject matter jurisdiction issues exist, this Court may dismiss a case removed from state court for lack of personal jurisdiction before reaching the subject matter jurisdiction issue.  In Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574 (1999), the United States Supreme Court stated that "a court that dismisses on non merit grounds such as personal jurisdiction, before finding subject-matter jurisdiction, makes no assumption of law-declaring power."  In Ruhrgas, The Fifth Circuit Court of Appeals overturned a decision by the District Court dismissing a case for

2

lack of personal jurisdiction prior to deciding whether the Court held subject matter jurisdiction in a case removed from State Court. Marathon filed a motion to remand the case to State Court shortly after removal. Simultaneously pending was a motion to dismiss for lack of personal jurisdiction filed by Ruhrgas. In reversing the Fifth Circuit, the Supreme Court held that where the personal jurisdiction issue is straightforward, the Court can resolve that issue from the outset. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574 (1999). Thus, this Court should resolve the relatively straightforward personal jurisdiction issues and dismiss this action for lack of personal jurisdiction over all defendants.

**B.    This Court Does Not Have Personal Jurisdiction Over Defendants The Sunbury Group, Inc., The Virtual Chip Doctor, and Fiber M Technologies**

The Court should dismiss this action regarding defendants Sunbury, VCD, and Fiber, as they do not conduct business in the State of Alabama and have no connection with the State of Alabama that would allow for the exercise of jurisdiction over them. Furthermore, Plaintiff has not even alleged facts that would support the exercise of jurisdiction over these defendants.

Plaintiff's factual assertions in the Complaint primarily refer only generally to defendants and purport to assign responsibility to each and every defendant for each and every act. However, the only specific factual allegation that could conceivably be used to support personal jurisdiction over the Defendants relates to negotiations regarding the creation of an alleged contract.

Plaintiff concedes in its Complaint that the negotiations regarding the alleged contract occurred between Shane Gaither and Greg True. (Complaint at ¶ 10.) At no point does Plaintiff allege that Defendants Sunbury, VCD, or Fiber participate in those

3

negotiations. Plaintiffs instead assert that the negotiations with True were actually negotiations with each and every defendant named in the Complaint by virtue of an allegation that True somehow was a representative of all defendants. However, True was at no time an agent of Sunbury, VCD, or Fiber.

Thus, there are no factual allegations that could reasonably support the assertion of personal jurisdiction over defendants Sunbury, VCD, or Fiber. Consequently, it would not be fair or reasonable to require Sunbury, VCD, or Fiber to come to Alabama to defend this action. See Steel Processors, Inc. v. Sue's Pumps, Inc. Rentals, 622 So. 2d 910 (Ala. 1993) (Florida corporation which contracted with Alabama corporation for materials used to repair barge in Florida did not have sufficient contacts with Alabama to establish personal jurisdiction); White-Spunner Const., Inc. v. Cliff, 588 So. 2d 865 (Ala. 1991) (Georgia subcontractor who performed work for Alabama general contractor on construction project in Georgia had insufficient contacts with Alabama to establish personal jurisdiction). Therefore, this Court should dismiss the Complaint against The Sunbury Group, Inc., The Virtual Chip Doctor, and Fiber M Technologies for lack of personal jurisdiction.

4

**B. This Court Also Does Not Have Personal Jurisdiction Over Defendants Biomass Resources, Inc. and Greg True**

This Court should also dismiss this action as to Defendants Biomass and Greg

True as the Court lacks personal jurisdiction over these defendants as well. In Novak v.

Benn, the Alabama Court of Civil Appeals aptly described the requirements of the

assertion of personal jurisdiction by Alabama courts as follows:

> In the case of either general in personam jurisdiction or specific in personam jurisdiction, the substantial connection between the defendant and the forum state necessary for a finding of minimum contacts must come about by an action of the defendant purposefully directed toward the forum State. Asahi Metal Indus. Co. v. Superior Court of California, 480 U.S. 102, 112, 107 S. Ct. 1026, 94 L. Ed. 2d 92 (1987). This purposeful-availment requirement assures that a defendant will not be haled into a jurisdiction as a result of the unilateral activity of another person or a third person. Burger King, 471 U.S. at 475, 105 S. Ct. 2174, quoting Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 417, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984).
>
> Only after such minimum contacts have been established does a court then consider those contacts in the light of other factors -- such as the burden on the defendant of litigating in the forum state and the forum state's interest in adjudicating the dispute, Burger King, 471 U.S. at 476-77, 105 S. Ct. 2174 -- to determine whether the exercise of personal and jurisdiction over the nonresident defendant comports with "traditional notions of fair play and substantial justice. Brooks v. Inlow, 453 So. 2d 349, 351 (Ala. 1984), quoting International Shoe, 326 U.S. at 316, 66 S. Ct. 154. See also Burger King, 471 U.S. at 476-77, 105 S. Ct. 2174.

Novak v. Benn, 896 So. 2d 513, 517 (Ala. Civ. App. 2004) (dismissing for lack of

personal jurisdiction). See also Elliot v. Van Kleef, 830 So. 2d 726, (Ala. 2002)

(dismissing for lack of personal jurisdiction over law firm alleged to have committed

malpractice in representing Alabama resident in Arkansas).

In Ex parte Troncalli Chrysler Plymouth Dodge, Inc., 876 So. 2d 459 (Ala. 2003),

the Supreme Court of Alabama granted a writ of mandamus and overturned the Circuit

Court of Marshall County's denial of a motion to dismiss for lack of personal jurisdiction

against a Georgia car dealer. In Troncalli, an Alabama resident attempted to purchase a vehicle from an Alabama dealership. The Alabama dealership did not have the truck the individual wanted, but the Alabama dealership found the truck at a dealership in Georgia by using a website maintained by the company that manufactured the truck. The consumer paid the Alabama dealership for the truck, and went to the Georgia dealership to take delivery. After discovering defects, the individual sued and the Georgia dealership moved to dismiss the action for lack of personal jurisdiction. The trial court denied the motion.

The Supreme Court of Alabama held that (1) use of the website was not sufficient, in and off itself, to give the Georgia dealership enough contact with Alabama for the trial court to have personal jurisdiction over it; (2) the Georgia dealership did not have enough contacts in Alabama to allow the exercise of general personal jurisdiction under Ala. R. Civ. P. 4.2(a)(2); and (3) the trial court erred by denying the dealership's motion to dismiss the action for lack of personal jurisdiction. In finding a lack of personal jurisdiction, the Court stated that "[o]f particular relevance is whether the plaintiff initiated the sale or contact. See Madison Consulting Group v. South Carolina, 752 F.2d 1193 (7th Cir. 1985); CBP Res., Inc. v. Ingredient Res. Corp., 954 F. Supp. 1106 (M.D.N.C. 1996); Regent Lighting Corp. v. American Lighting Concept, Inc., 25 F. Supp. 2d 705 (M.D.N.C. 1997) ("the contacts to be considered for purposes of personal jurisdiction are those actually generated by Defendants, not those created by the unilateral acts of Plaintiff"); Wells American Corp. v. Sunshine Electronics, 717 F. Supp. 1121, 1123 (D.S.C. 1989); American Stair Corp. v. Renata Constr. Co., 625 F. Supp. 136

6

(N.D. Ill. 1985)." Ex parte Troncalli Chrysler Plymouth Dodge, Inc., 876 So. 2d 459 (Ala. 2003).

Here, the contact between the parties was initiated by Plaintiff, who made contact with Biomass in New Hampshire offering to work for Biomass on a project currently being conducted in New Hampshire. Thus, pursuant to the principles discussed above in Troncali; that the conduct was initiated by Plaintiff; that the work Plaintiff performed for Biomass was done primarily through correspondence and email; and that the contact related to an internet website, this Court does not have personal jurisdiction over Defendants and this action should be dismissed.

**WHEREFORE**, Defendants move this Court to dismiss this action for lack of personal jurisdiction and for such other and further relief as is just and proper.

**RESPECTFULLY SUBMITTED** on this 6th day of February, 2006.

David W. Proctor (PRO012)
Max A. Moseley (MOS029)
Attorneys for Defendants
Biomass Resources, Inc.,

JOHNSTON BARTON PROCTOR & POWELL LLP
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618
Telephone:     (205) 458-9400
Facsimile:     (205) 458-9500
E-mail:        dwp@jbpp.com
               mam@jbpp.com

OF COUNSEL

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 6th day of February, 2006, served the above and foregoing by placing a copy of the same in the United States mail, properly addressed and postage prepaid, on the following:

> R. Lane Finch, Jr.
> Jamie A. Johnston
> Reginald L. Jeter
> Haskell Slaughter Young & Rediker, L.L.C.
> 1400 Park Place Tower
> 2001 Park Place
> Birmingham, Alabama 35203-2618

Of Counsel

8