IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Dimension D, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Greg True, Biomass Resources, Inc., The ) | CIVIL ACTION NO. |
| Sunbury Group, Inc., The Virtual Chip ) | |
| Doctor, Fiber M Technologies, Inc., and ) | 2006-CV-113 |
| Fictitious Defendants A, B, C, D, and E, ) | |
| being those individuals or entities which ) | |
| discovery may reveal to be obligated for ) | |
| the services furnished by the plaintiff or to ) | |
| be in some other way liable for those ) | |
| matters asserted in the complaint, ) | |
| ) | |
| Defendants. ) | |

## MOTION TO REMAND & TO AWARD ATTORNEY FEES

COMES NOW the Plaintiff, Dimension D, LLC ("Dimension D"), pursuant to 28 U.S.C. § 1447 and hereby moves this Court to remand this case to the Circuit Court of Autauga County, Alabama because there is no diversity jurisdiction in this case and no federal question exist. In support of its Motion, Dimension D states as follows:

### INTRODUCTION

On December 30, Dimension D filed a complaint against Greg True, Biomass Resources, Inc., The Sunbury Group, Inc., Fiber M Technologies, and The Virtual Chip Doctor (herein collectively referred to as "Defendants"), premised upon breach of breach of contract, open account, account stated, money had and received, and work and labor done. The Plaintiff's complaint is not premised upon any other theories. The Plaintiff did not plead any claims under federal law. The Complaint is based exclusively upon Alabama state law and the Plaintiff

makes an express claim for damages in the amount of $73,786.44. The Defendants filed a notice of removal of this action to this Court on February 6, 2006.

## STANDARD OF REVIEW

Federal courts are to construe removal statutes "narrowly [and] where plaintiff and defendant clash about jurisdiction, **uncertainties are resolved in favor of remand**." *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir. 1994) (emphasis added). In determining whether remand is appropriate, the court must construe all disputed questions of fact and controlling substantive law in favor of the plaintiff. *B, Inc. v. Miller Brewing Co.,* 663 F.2d 545, 551 (5th Cir. 1981). If there are any doubts about the propriety of removal, those doubts should be resolved against removal. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 109, 61 S.Ct. 868, 872 (1941) ("Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined."). Since federal courts are courts of limited jurisdiction, federal law favors remand of removed cases where federal jurisdiction is not absolutely clear. *See, e.g., Burns,* 31 F.3d at 1095.

**I.    DIVERSITY JURISDICTION DOES NOT EXIST BECAUSE THE AMOUNT IN CONTROVERSY IS LESS THAN $75,000.**

The defendants have removed plaintiff's state law action to this Court on the alleged basis of diversity jurisdiction. The defendant alleges that Plaintiff's express claim for damages in the amount of $73,786.44 is "arbitrary" and that the amount in controversy exceeds $75,000. However, such an allegation is insufficient grounds for removal. A defendant seeking removal has a very heavy burden to prove that Plaintiff's express claim, which is less than the jurisdictional amount, is incorrect. *Burns,* 31 F.3d at 1095. There is a strong presumption that the amount alleged in the complaint is correct in determining the amount in controversy for

removal purposes. *See, St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-290 (1938) (strong presumption that plaintiff has not claimed amount large enough to confer jurisdiction on federal courts); *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1314-1315 (11th Cir. 2002) (when plaintiff institutes a suit in state court, it is presumed that plaintiff has not claimed large amount of damages to confer federal court jurisdiction or that parties have colluded to that end).

In *Burns v. Windsor Ins. Co.*, the Plaintiff made an express claim for $45,000, which was $5,000 less than the applicable $50,000 jurisdictional amount. The Defendant alleged that Defendant's demand for $45,000 was "illusory," "designed only to defeat diversity jurisdiction," and plaintiff's counsel was "falsely assessing the case." 31 F.3d at 1095. The Court rejected the defendant's argument and stated that Defendant's contentions were nothing more than "conclusory allegations" and there was no proof that plaintiff's demand was "grossly inconsistent with her alleged damages." *Id.* **The Court held that "to avoid a remand, defendant must prove to a *legal certainty*" that plaintiff's claim exceeds the jurisdictional amount**. *Id.* at 1095 (emphasis added); *see also, Kliebert v. Uphohn Co.*, 915 F.2d 142 (5th Cir. 1990) ("concluding that plaintiff's claim was entitled to deference and that anything less than requiring defendant to prove that, should plaintiff prevail, she would be entitled to at least the jurisdictional amount was too permissive.").

**In the present action, the Defendants choose to ignore Dimension D's express claim for damages in the amount of $73,786.44**, and instead assert that Dimension D's express claim is "arbitrary" and the amount in controversy exceeds $75,000. However, defendants' bare conclusion that the amount in controversy must be above $75,000 is not sufficient to remove this case to federal court. The law is clear that "**the sum claimed by the plaintiff controls for**

removal purposes unless it is apparent, <u>to a legal certainty</u>, that the plaintiff cannot recover the amount claimed." *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1315 (11th Cir. 2002) (emphasis added). The Defendants make the same argument as the *Burns* defendants made. Here, as in *Burns*, that argument is not sufficient to confer federal jurisdiction.

**<u>The Defendants "arbitrary" and "illusory" argument has been thoroughly rejected by the Eleventh Circuit</u>**. *See, Burns,* 31 F.3d at 1095 ("Defendant has offered nothing more than conclusory allegations that predict that plaintiff intends to wait a year from her filing date and then boost her damage request."). The Defendants have offered no proof, much less proof to a "legal certainty," that Dimension D's claims exceed the jurisdictional amount. In fact it does not because the total amount claimed is $73,766.44.

Further, the Defendants have not offered any applicable authority to support its allegations, instead relying on the 3rd Circuit opinion of *Werwinski v. Ford Motor Co.*, 286 F.3d 661 (3d Cir. 2002), which is inapposite to the current action. The *Werwinski* case involved a complaint which did <u>not</u> set forth an express claim of damages but instead involved a class action law suit in which the class members sought to aggregate their damages to meet the jurisdictional amount requirement. Clearly, such case is not relevant to this matter which involves a complaint that sets forth an express claim of damages.

**<u>Accordingly, this case is due to be remanded to the Circuit Court of Autauga County because the amount in controversy is less than the jurisdictional requirements</u>**.

II. **FEDERAL QUESTION JURISDICTION DOES NOT EXIST BECAUSE PLAINTIFF'S WELL-PLEADED COMPLAINT EXCLUSIVELY RELIES UPON STATE LAW.**

Defendants claim that federal question jurisdiction exists pursuant to federal copyright and patent law. That Claim is absurd since the complaint does not even mention, let alone state a

claim for, federal patent or copyright infringement. Defendants assertion to the contrary is misplaced and ignores applicable law. The Supreme Court has consistently stated, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 107 S.Ct. 2425, 2429 (1987). It is also well settled that plaintiffs are the "master of [their] own complaint," *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 107 S.Ct. 2425, 2429 (1987); therefore, **defendants may not properly obtain federal jurisdiction on a theory of action that has not been advanced by the plaintiffs**, or an affirmative defense of the defendants. *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 811 n.6, 106 S.Ct. 3223, 3229 n.6 (1986) ("jurisdiction may not be sustained on a theory that the plaintiff has not advanced."); *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913) ("of course, the party who brings a suit is master to decide what law he will rely upon."); *Insinga v. LaBella*, 845 F.2d 249, 253 (11th Cir. 1988) ("[T]he removability of a case depends on an examination of the face of the plaintiff's well-pleaded complaint, without recourse to the defendant's pleadings.").

The Defendants in the present action are trying to advance a theory that Dimension D has not asserted by alleging that federal copyright or patent law is the only plausible theory in which Dimension D could prevail on its claims. Defendants' contentions are without merit and are not supported by either law or fact. The Defendants' sole support for their federal question assertion is previous settlement negotiations, which are clearly inadmissible.[1]

Again, Dimension D makes no claim under federal copyright, patent, or any other federal law or statute. Dimension D's complaint relies exclusively upon Alabama contract and common law.

---

[1] Settlement offers and/or offers to compromise are not admissible evidence. Fed. R. Evid. 408 and 409. Further, during settlement negotiations counsel for Defendants vehemently denied that copyright or patent law were applicable to the current matter. *See*, Letters dated November 4, 2004 and March 10, 2005, attached hereto as Exhibit A.

**The Defendants cannot rely on federal law to obtain federal jurisdiction where the complaint clearly shows that only state law is being advanced**.   Since Dimension D is the master of its complaint and has exclusively relied upon state law, defendants assertion that federal question jurisdiction exists under 28 U.S.C. § 1331 is without merit and this case is due to be remanded to the Circuit Court of Autauga County.

### III.    THIS COURT SHOULD AWARD PLAINTIFF'S COUNSEL ATTORNEY FEES RELATED TO THE REMAND OF THIS CASE.

Normally, counsel for the Plaintiff would not request fees and costs.  However, the Defendants' removal was totally without merit.  For example, the Defendants attempt to use confidential settlement discussions as evidence of a federal question, while ignoring the complaint itself which does not state a federal question and expressly seeks damages for less than $75,000.  Thus, this Court should award Plaintiff's counsel attorney fees related to the remand of this case.  28 U.S.C. § 1447 (c) authorizes the federal court to require that a party pay just costs and actual expenses incurred as a result of the removal.  By virtue of statute, these just costs may include attorney fees.  *Id.*  The express language of 28 U.S.C. § 1447 (c) grants the court wide discretion in assessing costs and attorney fees against the removing party after remand and a fee award is not contingent on a finding of improper purpose or on bad faith or vexatious, wanton or oppressive conduct.  *Penrod Drilling Corp. v. Granite State Ins. Co.*, 764 Supp. 1146 (S.D. Tex. 1990).  In fairness, **the plaintiff should recoup expenses incurred as a result of improper removal of this action to federal court**, regardless of defendant's good faith or lack thereof.  *Liebig v. Dejoy*, 814 F.Supp. 1074 (M.D. Fla. 1993).  As plaintiffs were required to expend time and resources to oppose the defendants' improvidently filed Notice of Removal, plaintiff requests that the court award plaintiff's counsel reasonable attorney fees.

WHEREFORE, PREMISES CONSIDERED the plaintiff requests that this Court remand this case to the Circuit Court of Autauga County and order that the removing defendants award a reasonable attorney fee to plaintiff's counsel for their efforts in effectuating the remand of this case to state court.

Respectfully Submitted,

DATED:   February 20, 2006

/s/ Reginald L. Jeter
**F. LANE FINCH, JR. (FIN017)**
**JAMIE A. JOHNSTON (JOH164)**
**REGINALD L. JETER (JET005)**
Attorney for Dimension D, LLC.

**OF COUNSEL:**

**Haskell Slaughter Young & Rediker, L.L.C.**
1400 Park Place Tower
2001 Park Place
Birmingham, Alabama  35203-2618
Telephone (205) 251-1000
Facsimile (205) 324-1133

**Haskell Slaughter Young & Gallion, L.L.C**
305 South Lawrence Street
Montgomery, Alabama 36104
Telephone (334) 265-8573
Facsimile (334) 264-7945

## CERTIFICATE OF SERVICE

I hereby certify that on this the 20th day of February, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the below listed counsel:

David W. Proctor
Max A. Moseley
Johnston Barton Proctor & Powell, LLP
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618
Email: dwp@jbpp.com
          mam@jbpp.com

/s/ Reginald L. Jeter
OF COUNSEL

446999.1