IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **Dimension D, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **Greg True, Biomass Resources, Inc., The** | ) | CIVIL ACTION NO. |
| **Sunbury Group, Inc., The Virtual Chip** | ) | |
| **Doctor, Fiber M Technologies, Inc., and** | ) | 2006-CV-113 |
| **Fictitious Defendants A, B, C, D, and E,** | ) | |
| **being those individuals or entities which** | ) | |
| **discovery may reveal to be obligated for** | ) | |
| **the services furnished by the plaintiff or to** | ) | |
| **be in some other way liable for those** | ) | |
| **matters asserted in the complaint,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S OPPOSTION TO MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

COMES NOW the Plaintiff, Dimension D, LLC ("Dimension D") and respectfully files this Opposition to Defendants' motion to dismiss the complaint for lack of personal jurisdiction.[1] For reasons stated below, Plaintiff respectfully submits that this Court should: (a) deny the Defendant's Motion to Dismiss for Lack of Personal Jurisdiction; or (b) in the alternative, allow Plaintiff to conduct discovery before considering or deciding Defendants' Motion. As discussed below, at all times material to the formation of the subject contract, Mr. Gaither was located in Prattville, Alabama, Defendants knew they were dealing with an Alabama resident and that he was acting on behalf of an Alabama corporation, Plaintiff developed the subject proprietary

---

[1] Plaintiff avers that this Court does not have jurisdiction to hear this motion because there is no diversity jurisdiction in this case and no federal question exist, as set forth in its "Motion to Remand." However, Defendants filed their "Motion to Dismiss for Lack of Personal Jurisdiction" concurrently with its "Notice of Removal." Therefore, Plaintiffs submit this Motion in opposition to Defendants Motion to Dismiss in the event that this Court decides this motion prior to ruling on Plaintiff's Motion to Remand.

algorithm in Prattville, Alabama, and sent the subject algorithm to the defendants from Prattville, Alabama, Defendants initiated phone calls to Alabama, mailed correspondence to Alabama, and sent e-mails to Alabama.

## STANDARD OF REVIEW

In determining whether personal jurisdiction exists, "the court must accept as true all uncontroverted facts alleged in the complaint and must also draw all reasonable inferences arising from controverted assertions of fact in the light most favorable to the plaintiff." *Butler v. Beer Across America*, 83 F.Supp.2d 1261, 1263 (N.D. Ala. 2003) (citing *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 255 (11th Cir. 1996)). The Court should first determine "whether at least minimum contacts exist between the defendant and the jurisdiction." *Id.* at 1264.

## I.  DEFENDANTS' JURISDICTIONAL CHALLENGES MUST BE DENIED

Defendants' motion to dismiss for lack of personal jurisdiction is based primarily on the contentions that they are not Alabama residents and they allegedly do not conduct business in Alabama. *See* Defendants' Motion. This argument ignores the well-established law that a non-resident defendant's physical presence in Alabama is <u>not</u> necessary for a state court to have personal jurisdiction over the Defendants. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, (1985); *Leventhal v. Harrelson*, 723 So. 2d 566 (Ala. 1998); *Duke v. Young*, 496 So. 2d 37 (Ala. 1986). Therefore, it is not important if the Defendants did not reside or allegedly did not conduct business in Alabama. The test for personal jurisdiction of a court over a non-resident defendant is not that simple, despite Defendants' unpersuasive argument that it is.

While systematic and continuous contacts with the forum state are necessary for a court to have "general jurisdiction" over a non-resident defendant, *see Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408 (1984); *Ex parte United Brotherhood of Carpenters*, 688

So. 2d 246 (Ala. 1997), <u>where the plaintiff's cause of action arises out of the defendant's contact with the forum state, much lesser contacts are necessary in order for the court to possess "specific jurisdiction."</u> See *Helicopteros, supra*; *Leventhal, supra*.

Defendants attempt to give this court the impression that their tortious conduct must have been committed here in Alabama in order for our courts to have jurisdiction over them. Indeed, Rule 4.2(b) specifically acknowledges that personal jurisdiction is appropriate "when the person or entity has such contacts with this state that the prosecution of the action against the person or entity in this state is not inconsistent with the constitution of this state or the Constitution of the United States." Ala. R. Civ. P. 4.2(b). This rule is representative of what our courts have long made clear: Alabama's long-arm statute is intended to be, and should be interpreted by trial courts to be, the effort by Alabama to reach as absolutely far as is constitutionally permitted, in submitting <u>those who cause injury or damage within our state are subject to the jurisdiction of our courts</u>. In August 1, 2004, Ala. R. Civ. P. 4.2 was amended and replaced with a "catch-all" rule that permits personal jurisdiction in Alabama to go to "the full extent of federal due process." *Id.* comm. cmt. For example, the *Leventhal* court explained:

> Rule 4.2(a)(2), Ala. R. Civ. P., states the requirements for personal jurisdiction over a nonresident defendant:
>
> "(2) <u>*Sufficient Contacts*. A person has sufficient contacts with the state when that person, acting directly or by agent, is or may be legally responsible as a consequence of that person's:</u>
>
> "....
>
> "(I) <u>otherwise having some minimum contacts with this state and, under the circumstances, it is fair and reasonable to require the person to come to this state to defend an action.</u> The minimum contacts referred to in this subdivision (I) shall be deemed sufficient, notwithstanding a failure to satisfy the requirement of subdivisions (A)-(H) of this subsection (2), so long as the prosecution of the action against a person in this state is not

3

>inconsistent with the constitution of this state or the Constitution of the United States."
>
>Due process requires that the defendant have such contacts with the forum that being sued there does not offend the "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). <u>These contacts must be established by the defendant's purposeful acts.</u> *Id.*

723 So. 2d at 569 (emphasis added).

    A.    **Alabama Courts Have Personal Jurisdiction Over Defendants, The Sunbury Group, Inc., The Virtual Chip Doctor, and Fiber M Technologies.**

Defendants first contend that an Alabama court does not have personal jurisdicition over Defendants, The Sunbury Group, Inc., The Virtual Chip Doctor, and Fiber M Technologies because these defendants did not negotiate with Dimension D. However, as noted in the statute, the actions of the defendant giving rise to personal jurisdiction by the forum state <u>need not have been performed by the defendant directly</u>. <u>The actions may be performed by an agent of the defendant.</u> *Ex parte Fidelity*, No 1030483, 2004 WL 1233976 (Ala. Jun. 4, 2004) (non-resident defendant may not avoid personal jurisdiction by hiding "behind its use of third parties to facilitate accounts with Alabama residents ..."); *Ex parte Paul McLean Land Services, Inc.* 613 So. 2d 1284 (Ala. 1993) (the court had personal jurisdiction over the non-resident defendant where the defendant participated in a scheme with others to defraud certain persons and the defendant was aware that the effect of the fraud would be felt in Alabama); *Shrout v. Thorson,* 470 So. 2d 1222 (Ala. 1985) (same).

As set forth in the Complaint, the negotiations for the Contract took place between Shane Gaither, as managing member of plaintiff, and Greg True, individually and as officer and/or agent of defendants Biomass, Sunbury, Fiber M, TVCD. Complaint at ¶ 10. Therefore, the Defendants cannot hide "behind its use of third parties to facilitate accounts with Alabama

residents" and now attempt to avoid personal jurisdiction by alleging that it did not directly negotiate with an Alabama resident.

**B.   Alabama Courts Have Personal Jurisdiction Over Defendants, Biomass Resources, Inc. and Greg True.**

Defendants also allege that an Alabama court would not have personal jurisdiction over Biomass Resources, Inc. and Greg True because the contact between the parties were allegedly initiated by the Plaintiff. However, "when an entity intentionally reaches beyond its boundaries to conduct business with foreign residents, the exercise of specific jurisdiction is proper." *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F.Supp. 1119, 1124 (W.D. Penn. 1997) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).

In the present case, there are several facts which establish that an Alabama court has jurisdiction over Defendants Biomass and True. At all times material to the formation of the Contract, Mr. Gaither was located in Prattville, Alabama. The fact that Shane Gaither initiated the first phone call to Defendants is without consequence. Once the Defendants began negotiating with Mr. Gaither, they knew they were dealing with an Alabama resident and that he was acting on behalf of an Alabama corporation, Dimension D, LLC. Plaintiff developed the Proprietary Algorithm in Prattville, Alabama, and sent the algorithm to the defendants from Prattville, Alabama. Further, not every phone call or email was made from Mr. Gaither to the Defendants. **The Defendants also initiated phone calls to Alabama, mailed correspondence to Alabama, sent e-mails to Alabama, and sent payments to Plaintiff in Alabama under the Contract**. These emails, correspondence, telephone contacts, and payments between the Defendants and Dimension D are directly related to the transaction made the basis of this lawsuit. These contacts also resulted in the damages to an Alabama resident and said damages

occurred in Alabama. Therefore, these contacts are sufficient to bring the Defendants under the jurisdiction of an Alabama court.

**Additionally, the Defendants maintain an interactive website that targets, advertises, and solicits its services to residents throughout Alabama**. For personal jurisdiction purposes, courts have distinguished between mere passive websites and those that are interactive. *Butler*, 83 F.Supp. 2d at 1267-1269. For example, a passive website merely provides information about a product or service; however, an interactive site allows customers to purchase products and services on-line. *See, Mink v. AAAAA Dev. LLC*, 190 F.3d 333, 336-337 (5th Cir. 1999). **Where a defendant maintains an interactive website, minimum contacts usually exist**. *Id.*

The Virtual Chip Doctor website maintained by True, Biomass, Sunbury, TVCD, and Fiber M is interactive and commercial in nature. *See, Mink*, 190 F.3d at 336-337. The website allows customers and potential customers to obtain quotes, place orders for service, order sample software, and interact with the Defendants' personnel via the internet. The maintenance of this interactive website further supports an Alabama court's assertion of personal jurisdiction over the Defendants.

For reasons set forth above, the Court should deny Defendants' Motion to Dismiss for Lack of Personal Jurisdiction; or in the alternative, it should allow Plaintiff to conduct discovery on the issue of personal jurisdiction as it is entitled to such discovery under the allegations of the Complaint and applicable law.

II. **ALTERNATIVELY, PLAINTIFF IS ENTITLED TO JURISDICTIONAL DISCOVERY BECAUSE THEY HAVE ALLEGED A BASIS FOR PERSONAL JURISDICTION UNDER APPLICABLE LAW.**

It is well established that a court may require a defendant to respond to discovery relevant to a motion to dismiss for lack of jurisdiction. *Ex parte Troncalli Chrysler Plymouth Dodge, Inc.*, 876 So. 2d 459, 467-68 (Ala. 2003). To be obtain such jurisdictional discovery, a plaintiff need only allege facts that would support a colorable claim of jurisdiction. *Troncalli*, 876 So.2d at 468. "'[This] standard is quite low.'" *Troncalli*, 876 So.2d at 468 (quoting *Andersen v. Sportmart, Inc.*, 179 F.R.D. 236, 241 (N.D. Ind. 1998)). Under this standard, a request for jurisdictional discovery should be denied only if the assertions of personal jurisdiction are "'bare,' 'attenuated,' or 'unsupported.'" *Troncalli*, 876 So.2d at 468 (quoting *Andersen*, 179 F.R.D. 242).

Even though Plaintiffs have alleged in their Complaint a well-grounded factual and legal basis for asserting personal jurisdiction over the Defendants, Plaintiff is entitled to conduct discovery on the Defendants' contention there is no jurisdiction over them, in the event the Court does not find jurisdiction at this point. Plaintiffs' Complaint alleges in detail the facts which support personal jurisdiction. The Defendants actively negotiated with an Alabama resident, made contacts with an Alabama resident, and maintain an interactive website. Although Defendants have challenged the jurisdiction of this Court, Alabama plainly recognizes personal jurisdiction over a non-resident based on the contacts of its agent and the effects of the fraudulent and other wrongful conduct inflicted on Alabama residents. Based on Alabama law and the facts alleged in the Complaint, Plaintiffs are fully entitled to jurisdictional discovery.

As recognized by Alabama and federal courts, such discovery is properly granted in these circumstances to enable a plaintiff to develop evidence to oppose a defendant's challenge of personal jurisdiction. *See, Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n. 13 (1978) (noting that discovery is generally available to ascertain facts bearing on jurisdiction and venue

when those issues are contested); *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694 (1982) (holding that it did not violate due process clause for trial court to base a finding of personal jurisdiction on jurisdictional facts pled in the complaint). *Bracewell v. Nicholson Air Services, Inc.*, 680 F.2d 103, 104-05 (11th Cir. 1982) (reversing a district court's order granting a motion to dismiss for lack of jurisdiction when the plaintiff was not afforded discovery on jurisdictional issues); *Eaton v. Dorchester Development, Inc.*, 692 F.2d 727, 729-31 (11th Cir. 1982) (Robert Vance, J.) (reversing dismissal of case for lack of personal jurisdiction because plaintiff was not given an opportunity to conduct discovery and develop facts regarding jurisdictional issues); *GTE New Media Servs. v. BellSouth Corp.*, 199 F.3d 1343, 1351 (D.C. Cir. 2000) ("Finally, GTE contends that if, on the existing record, there are insufficient grounds to support personal jurisdiction, it is still entitled to jurisdictional discovery.  We agree."); *El-Fadl v. Central Bank of Jordan*, 75 F.3d 668, 676 (D.C. Cir. 1996) (reversing district court for failure to provide the plaintiff with reasonable discovery of a foreign bank before determining the issue of personal jurisdiction over the foreign corporation); *Fraley v. C & O Ry.*, 397 F.2d 1, 3 (3d Cir. 1968) (trial court erred in refusing to require defendant to answer plaintiff=s interrogatories directed to personal jurisdiction facts); *Marine Midland Bank v. Miller*, 664 F.2d 889, 904 (2d Cir. 1981) (court should not have dismissed case without holding an evidentiary hearing on jurisdictional facts; an available alternative to an evidentiary hearing is to permit discovery on jurisdictional facts); *Crane v. Carr*, 814 F.2d 758, 760 (D.C. Cir. 1987)  (Ruth Bader Ginsburg, J.) (reversing district court for dismissing case based on lack of personal jurisdiction without having provided plaintiff with opportunity to take jurisdictional fact discovery of foreign defendant); *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n. 24 (9th Cir. 1977); *H. L. Moore Drug Exchange v. Smith, Kline & French Labs*, 384 F.2d 97 (2d Cir. 1967); *see also Pace*

*v. Wagner*, [1971-72 Transfer Binder], CCH Fed. Sec. L. Rep. &93,394 (S.D.N.Y. 1972) (court will not determine issue of personal jurisdiction over foreign defendants until they give discovery to plaintiffs).

## CONCLUSION

For reasons stated above, Plaintiffs respectfully submit that this Court should: (a) deny Defendants' Motion to Dismiss for Lack of Personal Jurisdiction; or (b) in the alternative, allow Plaintiffs to conduct discovery before considering or deciding Defendants' Motion.

Respectfully Submitted,

DATED:   February 20, 2006.

/s/ Reginald L. Jeter
F. LANE FINCH, JR. (FIN017)
JAMIE A. JOHNSTON (JOH164)
REGINALD L. JETER (JET005)
Attorney for Dimension D, LLC.

**OF COUNSEL:**

**Haskell Slaughter Young & Rediker, L.L.C.**
1400 Park Place Tower
2001 Park Place
Birmingham, Alabama 35203-2618
Telephone (205) 251-1000
Facsimile (205) 324-1133

**Haskell Slaughter Young & Gallion, L.L.C**
305 South Lawrence Street
Montgomery, Alabama 36104
Telephone (334) 265-8573
Facsimile (334) 264-7945

## CERTIFICATE OF SERVICE

I hereby certify that on this the 20th day of February, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the below listed counsel:

David W. Proctor
Max A. Moseley
Johnston Barton Proctor & Powell, LLP
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618
Email:  dwp@jbpp.com
        mam@jbpp.com


/s/ Reginald L. Jeter
OF COUNSEL


447102.1