IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **Dimension D, LLC,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) CIVIL ACTION NO. 06-CV-113 ) |
| **Biomass Resources, Inc., et al** | ) ) |
| **Defendants.** | ) |

## DEFENDANTS' OPPOSITION TO MOTION TO REMAND

The Defendants, Biomass Resources, Inc., The Sunbury Group, Inc., Fiber M Technologies and The Virtual Chip Doctor ("Defendants"), hereby opposes plaintiff's Motion to Remand.  As grounds therefor, Biomass states as follows:

### INTRODUCTION

On December 29, 2005, Dimension D LLC ("Plaintiff") filed a complaint ("Complaint") against Defendants in the Circuit Court of Autauga County, Alabama, alleging various causes of action arising out of the creation of computer software code for a joint venture located in New Hampshire.  In the Complaint, Plaintiff asserts essentially that in 2004 Defendants breached an unwritten contract allegedly entered into in 2002.  Plaintiff makes various references to an amount in controversy; however, each of these references to amounts is incomprehensible.

In the prayer for relief Plaintiff seeks "all compensatory damages to which it is entitled." (Complaint at ad damnum).  In contrast, (and incomprehensibly) Plaintiff claims in the body of the Complaint for "$37,096.50 as of July 19, 2005 plus approximately $1,834.50 per month thereafter for 20 months for total damages of $73,786.44, plus accrued interest."  This calculation of damages to avoid federal jurisdiction is random, incomprehensible, and not entitled to any deference.

1

Biomass removed the above-captioned action from the Circuit Court of Autauga County, Alabama, to the United States District Court for the Middle District of Alabama, Northern Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 on February 6, 2006. Plaintiff filed a motion to remand on February 20, 2006.

## ARGUMENT

In order to establish jurisdiction based on diversity of the parties' citizenship, the amount in controversy must exceed $75,000, exclusive of interest and costs. See 28 U.S.C. § 1332(a). Where possible, the amount in controversy should be determined by the face of the Complaint. See Saint Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 292 (1938). Here, however, the amount in controversy cannot be reasonably determined from the face of the Complaint, both because Plaintiff's stated amount is incomprehensible, and Plaintiff's demand for "all compensatory damages" would allow a jury to award any amount it determines which could be above and beyond the artificial $73,786.44 demand asserted by Plaintiff.

**A.     Burden of Proof**

In its Motion to Remand, the plaintiff incorrectly defines the defendant's burden, claiming that Defendants must show to a "legal certainty that the amount in controversy exceeds the $75,000 jurisdictional requirement." (Motion at p. 3). Although the cited standard is appropriate in cases where the amount in controversy is specified on the face of the complaint, it is inapplicable to cases, like the instant action, where it cannot be determined from the face of the complaint what damages the Plaintiff is seeking, or where the complaint contains an unspecified claim for damages such as the Plaintiffs request here for "all compensatory damages to which it is entitled." (Complaint at ad damnum). Tapscott v. MS Dealer Serv. Corp., 77 F. 3d 1353, 1356 (11th Cir. 1996).

In the body of the Complaint, Plaintiffs claim damages of "$37,096.50 as of July 19, 2005 plus approximately $1,834.50 per month thereafter for 20 months for total damages of $73,786.44, plus accrued interest". However, there is no reasonable explanation for Plaintiff's calculation of damages, and it chose 20 months and a date of July 19, 2005 to arrive at $73,786.44. On its face, Plaintiff first claims $37,096.50 as of July 19, 2005, which is random and arbitrary. Next, Plaintiff adds approximately $1,834.50 per month thereafter for 20 months. The artificial limitation of its demand for 20 months would be suspect enough without additional circumstances. However, the 20-month demand appears to extend from the July 19, 2005 initial damages claim. This is incomprehensible since the Complaint was filed in December of 2005, some 5 months after the July 19, 2005 date. Thus, the statement is meaningless and patently artificial, and should not be relied upon for a determination as to the amount in controversy.

Moreover, despite the vagaries of Plaintiff's calculation of damages in the body of the Complaint, the Plaintiff requests all compensatory damages in the ad damnum clause at the conclusion of its Complaint. Although the Plaintiff artificially states that this amount is less than $75,000.00, perfunctory statements such as this are not controlling, and Plaintiff's Complaint in fact seeks "all compensatory damages to which Dimension D, LLC is entitled." See Werwinski v. Ford Motor Co., 286 F.3d 661 (3d Cir. 2002) (finding that plaintiff's perfunctory reference to an "amount less than $75,000" is inconsequential). In Raye v. Employer's Ins. of Wausau, 345 F. Supp. 2d 1313 (S.D. Ala. 2004), the Plaintiff requested in the ad damnum "[t]hat the Plaintiff be awarded damages compensatory and punitive damages, not to exceed Seventy-Five Thousand and No/100 ($75,000.00) Dollars." Id. at 1316. In denying plaintiff's motion to remand, the Court found that the amount in controversy requirement was met, despite the blanket assertion in the ad damnum that Plaintiff sought an amount not to exceed $75,000.00. Id.

In the present case, because the Plaintiff's reference to damages is incomprehensible, and the Plaintiff also requests all compensatory damages to which it is entitled, "a lower burden of proof is warranted because there is simply no estimate of damages to which a court may defer." Id. at 1357. Accordingly, Defendants need only show, by a preponderance of the evidence, that the amount in controversy more likely than not exceeds the jurisdictional requirement of $75,000. Id.; see also Leonard v. Enter. Rent-a-Car, 279 F.3d 967, 972 (11th Cir. 2002) ("Where a plaintiff fails to specify the total amount of damages demanded, as is the case here, a defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the $ 75,000 jurisdictional requirement.").

**B.    The Plaintiff Seeks More Than The Jurisdictional Minimum**

First, the Complaint requests in the ad damnum clause that Plaintiff be awarded "all compensatory damages to which it is entitled." (Complaint at ad damnum). This request would entitle the jury to award whatever sum of damages it deems appropriate, and the jury's determination would in no way be limited by incidental language included by Plaintiff in the Complaint. In the affidavit filed contemporaneously with this Response, Gregory True avers that the amount of damages requested by Plaintiff greatly exceeds $100,000.00. See *Affidavit of Gregory R. True* ("True Affidavit" at ¶ 12). This assertion is based upon True's knowledge of the value of the Virtual Chip Doctor and the accounts to which Plaintiff has claimed an interest. Because Plaintiff has not provided any contradictory evidence, and because Plaintiff is not in a position to value the property and accounts at issue, True's sworn affidavit regarding the value of Plaintiffs claims is incontrovertible. Thus, although the plaintiff seeks to avoid federal court by attempting to strip the Complaint of any features establishing diversity jurisdiction through creative drafting, the amount in controversy exceeds $75,000.

4

**C.     Federal Question Jurisdiction Exists**

Plaintiff also sought to avoid federal jurisdiction by avoiding direct discussion of federal copyright or patent laws upon which this action is based. As stated in the Notice of Removal, Plaintiff's contract claims are unquestionably barred by the Statute of Frauds. The only possible or logical theory upon which the claims can be based would be upon an assertion that the algorithms, derivative software, and other intellectual property are protectable, or that Plaintiff otherwise has an interest under federal copyright or patent law. This conclusion is supported by Plaintiffs demand prior to the filing of the complaint that Biomass immediately cease use of Plaintiffs proprietary intellectual property. See Notice of Removal Exhibit C; see generally Martin v. Mentor Corp., 142 F. Supp.2d 1346 (M.D. Fla. 2001) (proposal for settlement provided adequate basis for the court to determine that subject matter jurisdiction existed). Thus, although Plaintiff characterizes its claims purely in terms of state law theories, the claims rely in essence on Plaintiffs ability to assert a protectable interest in the intellectual property.

Therefore, the Complaint must necessarily turn on a determination of whether or not Plaintiff has any valid copyright or patent rights that are protectable pursuant to federal law. In response to Defendants' contention that federal question jurisdiction exists, Plaintiffs rely on the general rule that a plaintiff is the master of the complaint, and that a well pleaded complaint that omits reference to federal causes of action and relies on state law claims does not create federal question jurisdiction. While this discussion of the general rule is correct, Plaintiff completely omits any discussion of the preemption principles asserted by Defendants in referencing 28 U.S.C. § 1338 (patent preemption) and 17 U.S.C. § 301 (regarding preemption of state law actions involving copyrights).

Title 28 of the United States Code provides that "[t]he district courts shall have exclusive jurisdiction of any civil action arising under any act of Congress relating to ... copyrights .... Such jurisdiction shall be exclusive of the courts of the states in ... copyright cases."  Under Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 64-65 (1987), the complete preemption doctrine serves to "recharacterize a state law claim ... as an action arising under federal law and converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." Ritchie v. Williams, 395 F.3d 283 (6th Cir. 2005).  As is stated in Moran v. Rush Prudential HMO, Inc., 230 F.3d 959, 967 (7th Cir. 2000), the complete preemption doctrine permits recharacterization of a plaintiff's claim as a federal claim so that removal is proper even though the complaint may not mention a federal basis of jurisdiction. Moran, 230 F.3d at 967.  The doctrine of complete preemption applies in the context of federal copyright law.  Ritchie v. Williams, 395 F.3d 283 (6th Cir. 2005).

In Rosciszewski v. Arete Assoc., Inc., 1 F.3d 225, 286-87 (4th Cir. 1993), the Fourth Circuit explained:

> The grant of exclusive jurisdiction to the federal courts over civil actions arising under the Copyright Act, combined with the preemptive force of § 301(a), compels the conclusion that Congress intended that state law actions preempted by § 301(a) of the Copyright Act arise under federal law. Accordingly, we hold that the preemptive force of § 301(a) of the Copyright Act transforms a state-law complaint asserting claims that are preempted by § 301(a) into a complaint stating a federal claim for purposes of the well-pleaded complaint rule. Since claims preempted by § 301(a) arise under federal law, removal of actions raising these claims to federal district court is proper.

Rosciszewski v. Arete Assoc., Inc., 1 F.3d 225, 286-87 (4th Cir. 1993).  Because Plaintiff's claims are ultimately based upon whether its alleged contribution to work associated with

6

intellectual property is compensable, these claims are subject to preemption under federal law regardless of whether Plaintiff is actually asserting a claim under federal copyright or patent law.

In the Motion to Remand, Plaintiff claims that its letter demanding that Biomass cease use of its intellectual property cannot be used in the context of a court's determination of subject matter jurisdiction. This assertion is without merit. First, Plaintiff's demand letter is not protected as a settlement offer, even if it had included an assertion of privilege, which it did not. Second, while the Federal Rules of Evidence may limit the use of evidence for trial and other motions that require admissible evidence for support, this evidentiary rule is not applicable to a proceeding for determining subject matter jurisdiction. Finally, at the same time the Plaintiff asserts these letters cannot be used, Plaintiff attaches the same group of correspondence for support of its position. Thus, even if Plaintiff could somehow assert such a privilege, the Plaintiff waives any such privilege by use of the same group of letters.

Because Plaintiff's claim for compensation arises out of work allegedly performed on and related to intellectual property, Plaintiffs claims are preempted as they are merely attempts to restate federal patent and copyright law into state law contract and "work and labor done" claims. Thus, federal question jurisdiction exists based upon preemption, and Plaintiff's motion to remand is due to be denied.

D.      **Plaintiffs Request For Attorney's Fees**

In conjunction with its Motion To Remand, Plaintiff Seeks an Award of Attorney's Fees. In the event this Court grants the Motion To Remand, an award of attorney's fees to Plaintiff is not warranted base upon the facts of this case. While Defendants assert that the amount in controversy is satisfied, any confusion as to whether the jurisdictional minimum is met was precipitated by Plaintiffs ambiguous pleading. In <u>Brooks v. Pre-paid Legal Services, Inc</u>., 153 F.

Supp. 2d 1299 (M.D. Ala. 2001), the Plaintiffs brought a complaint for $74,500.00 in compensatory damages and unspecified punitive damages. After Plaintiffs filed a stipulation that it was not seeking, and would not accept more than $74,500 upon a verdict, the Court granted a motion to remand. In so doing, the Court stated that "plaintiffs, as a general rule, should pay defendants all just costs and any actual expenses, including attorney's fees, incurred as a result of the removal if the defendants removed on the basis of an unspecified, arguably ambiguous ad damnum clause." Here, the request for damages is vague and uncertain, and any expenses incurred by Plaintiffs in responding to removal are a result of its own inaccurate and imprecise pleading. Thus, Defendants believe that these circumstances do not support an award of fees for Plaintiff.

## **CONCLUSION**

Defendants have demonstrated, by a preponderance of the evidence, that the requirements for establishing diversity jurisdiction are met in the present case. There is no dispute that the parties are diverse. Additionally, the amount in controversy exceeds the jurisdictional amount of $75,000. Moreover, Plaintiff's claims are completely preempted by federal copyright and patent law, and therefore federal question jurisdiction exists.

WHEREFORE, Biomass respectfully requests that this Court retain jurisdiction and deny the plaintiff's Motion to Remand.

/s/ Max A. Moseley
David W. Proctor
Max A. Moseley
Attorneys for Defendants
Biomass Resources, Inc., et al.

JOHNSTON BARTON PROCTOR & POWELL LLP
2900 AmSouth/Harbert Plaza

1901 Sixth Avenue North
Birmingham, Alabama 35203-2618
Telephone:    (205) 458-9400
Facsimile:    (205) 458-9500
E-mail:       dwp@jbpp.com
              mam@jbpp.com

**CERTIFICATE OF SERVICE**

      I do hereby certify that a true and correct copy of the above and foregoing has been served upon the following by electronic service or United States mail on this the 15th day of March, 2006.

R. Lane Finch, Jr.
Jamie A. Johnston
Reginald L. Jeter
Haskell Slaughter Young & Rediker, L.L.C.
1400 Park Place Tower
2001 Park Place
Birmingham, Alabama 35203-2618

                /s/ Max A. Moseley
                Of Counsel