IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **Dimension D, LLC,** | ) |
|     **Plaintiff,** | ) ) ) |
| v. | ) CIVIL ACTION NO. CV-06-_113_ |
| **Biomass Resources, Inc., et al** | ) ) ) |
|     **Defendants.** | ) ) |

### AFFIDAVIT OF GREGORY R. TRUE IN SUPPORT OF DEFENDANTS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

STATE OF NEW HAMPSHIRE     )
                                                     )
COUNTY OF _Belknap_              )

    Before me, a notary public in and for said county and said state, personally appeared Gregory R. True, who is known to me and, after being duly sworn, did testify as follows:

    1.    My name is Gregory R. True. I am over the age of 19, and I have personal knowledge of the facts averred in this affidavit.

    2.    I am the President of Biomass Resources, Inc ("Biomass"). I am a resident of the State of New Hampshire.

    3.    I submit this Affidavit in support of the Motion To Dismiss for Lack of Personal Jurisdiction filed by Biomass et al. in the above captioned case.

    4.    Biomass is a corporation organized and existing under the laws of the State of New Hampshire with its principal place of business and headquarters in Wolfboro, New Hampshire.

5. The Virtual Chip Doctor is a joint venture between Biomass and the Sunbury Group, Inc., and is not a separate and distinct entity.

6. I have never been a principal, an agent, or otherwise a representative for the Sunbury Group, Inc, or Fiber M Technologies, and at no point have I negotiated or otherwise interacted with Shane Gaither or Dimension D LLC ("Dimension") as their agent or representative or on their behalf.

7. I did not initiate contact with Shane Gaither or Dimension either individually, or as an agent of Biomass, nor did Biomass or any other of its agents or representatives initiate contact with Shane Gaither or Dimension.

8. Biomass does not directly conduct business in the State of Alabama.

9. In late 2001, Shane Gaither, either on his own behalf or on behalf of Dimension D LLC, initiated contact with Biomass Resources, Inc. at its offices in New Hampshire. Gaither contacted Biomass in an attempt to provide services to Biomass regarding an ongoing project between Biomass and Sunbury in the State of New Hampshire.

10. Thereafter, Gaither provided services to Biomass, but at no time did I or Biomass work with Gaither or Dimension in the State of Alabama. To the extent Gaither or Dimension worked with Biomass, it was in relation to projects ongoing in New Hampshire.

11. The Virtual Chip Doctor is based upon computer software developed jointly by Biomass and Sunbury. This program's value is in excess of $100,000.00. Dimension D LLC has claimed that it has an interest in these programs and software, and has ordered that use of the program be terminated.

12. Dimension D's request for all compensatory damages, if granted to the extent claimed by Shane Gaither based upon previous demands and based upon the value of the Virtual

Chip Doctor and related accounts to which Gaither claims an interest, greatly exceeds $100,000.00.

Dated this 21st day of February, 2006.

_____
Gregory R. True
Affiant

Sworn to and subscribed before me
this 21 day of February, 2006.

_____
Notary Public

My commission expires: _____

LORI A. BOWEN, Notary Public
My Commission Expires December 19, 2006