IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **Dimension D, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CIVIL ACTION NO.  06-113 |
| ) | |
| **Biomass Resources, Inc., et al** ) | |
| ) | |
| **Defendants.** ) | |

**RESPONSE TO PLAINTIFFS OPPOSITION TO MOTION TO DISMISS**

Defendants Biomass Resources, Inc. ("Biomass"), Greg True ("True"), The Sunbury Group, Inc. ("Sunbury"), The Virtual Chip Doctor ("VCD"), and Fiber M Technologies ("Fiber") (collectively the "Defendants") file this response to plaintiff Dimension D LLC's ("Plaintiff") Opposition to Motion To Dismiss for Lack of Personal Jurisdiction (the "Opposition").  In support of this response, Defendants state as follows:

**I.    Introduction and Background**

1.    On or about December 29, 2005, plaintiff Dimension D, LLC ("Plaintiff") commenced this action against the Defendants by filing a Complaint in the Circuit Court of Autauga County, Alabama, bearing Case Number 05-409 (the "Complaint").

2.    On or about February 6, 2006, Defendant Biomass Resource, Inc. removed the state court action to the United States District Court for the Middle District of Alabama, Northern Division.

3.    Contemporaneously with the filing of the Notice of Removal, Defendants filed a motion pursuant to Federal Rules of Civil Procedure Rule 12(b)(1), to dismiss this action for lack of personal jurisdiction.

4.      Plaintiff filed an Opposition to the Motion To Dismiss on February 20, 2006.

5.      Biomass is a corporation organized and existing under the laws of the State of New Hampshire. The Sunbury Group, Inc. and Fiber M. Technologies are corporations organized and existing under the laws of the State of Maine. Greg True is a resident of the State of New Hampshire. VCD is a project worked on jointly by Biomass and Sunbury, and not a separate legal entity.

6.      On information and belief, Plaintiff is, and was at the time suit was filed, a limited liability company organized and existing under the laws of the State of Alabama. Complaint at ¶ 1. Upon information and belief, the managing member of Plaintiff is Shane Gaither, a resident of Autauga County, Alabama. Complaint at ¶ 1.

7.      Shane Gaither, managing member for Plaintiff, initiated contact with Biomass in New Hampshire in late 2001 inquiring about the possibility of entering into a business relationship or working for Biomass. True Affidavit at ¶ 9, Opposition at p. 5. Thereafter, in May of 2002, Plaintiff entered into a relationship with Biomass to provide consulting work to Biomass on a project then ongoing in New Hampshire. Complaint at ¶ 8. In June of 2003, Plaintiff ceased all work for and contact with Biomass.

8.      There are no allegations that Defendants are registered to do business in Alabama, own any property in Alabama, conduct business in Alabama, maintain offices in Alabama, have any employees in Alabama, or place advertisements with Alabama media outlets.

II.     ARGUMENT

The burden of establishing personal jurisdiction over a nonresident defendant is on the plaintiff. <u>Butler v. Beer Across America</u>, 83 F. Supp. 2d 1261 (N.D. Ala. 2000) <u>citing</u> <u>Robinson v. Giarmarco & Bill, P.C</u>. 74 F.3d 253, 255 (11th Cir. 1996).  In order to survive a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff must demonstrate a prima facie case that the Court has personal jurisdiction over the defendants. <u>Id</u>. at 1263.  Here, Plaintiff has not met its burden as to any of the defendants.

The Court lacks jurisdiction over Fiber, Sunbury, and VCD, as Plaintiff's only assertion regarding jurisdiction over these defendants involves the inaccurate allegation that Greg True is an officer or agent of these defendants.  The Court lacks personal jurisdiction over defendant True pursuant to the fiduciary shield doctrine, because all of the conduct alleged in the Complaint relates to True's performance of his official duties as President of Biomass.  The Court also lacks personal jurisdiction because all Defendants lack sufficient contacts with the forum, as Plaintiff sought out defendant Biomass to work on a project being performed in New Hampshire.  Finally, the Court lacks personal jurisdiction over VCD as it is a joint project, not a separate legal entity, and has no nexus with the State of Alabama.

**A.    The Complaint Should Be Dismissed as to  Defendants The Sunbury Group, Inc., The Virtual Chip Doctor, and Fiber M Technologies for Lack of Personal Jurisdiction**

This Court does not have personal jurisdiction over Defendants Sunbury, Fiber, or VCD; therefore, the Complaint should be dismissed as to those defendants.  Plaintiff concedes in its Complaint that the negotiations regarding the alleged contract occurred between Shane Gaither and Greg True. Complaint at ¶ 10.  At no point does Plaintiff allege that Defendants Sunbury, VCD, or Fiber participated in those negotiations.

Plaintiff's only support for the proposition that this Court has personal jurisdiction over defendants Sunbury, Fiber M, and VCD is that Greg True is an officer or agent for those entities, and that the conduct of True subjects each of these parties to the jurisdiction of this Court. However, the allegation that Greg True is an officer or agent of Sunbury, Fiber M, and TVCD is incorrect. True Affidavit at ¶ 6.

In the affidavit filed by Greg True in support of the Motion, True avers that while he is an officer of Biomass, he has never been an officer or otherwise an agent of Sunbury or Fiber M, two separate and distinct entities. True Affidavit at ¶ 6. VCD is a product, not a separate entity, and as such True cannot be considered an agent of VCD. Because Plaintiff's only jurisdictional allegation regarding these entities is the unfounded allegation that True is an officer or agent for all of these entities, the action is due to be dismissed against these parties.

### B.  The Fiduciary Shield Doctrine Precludes the Assertion of Personal Jurisdiction Over Gregory True

This Court should dismiss the Complaint as to defendant True pursuant to the fiduciary shield doctrine. "The fiduciary shield doctrine provides that personal jurisdiction over a corporate agent or employee cannot be based on the jurisdiction over the corporation for which the fiduciary acts when the fiduciary's activities in the forum state were conducted solely as an agent or employee of the corporation." Peacock v. Merrill, 2005 WL 2233466 (S.D. Ala. 2005). Plaintiff's assertions in the Complaint rely solely on conduct related to the Virtual Chip Doctor by Biomass Resources. None of the assertions in the Complaint relate to conduct attributable to True as an individual. In each instance, Plaintiff was allegedly working with or for Biomass, Fiber, Sunbury, or VCD, and it is these business relationships that form the crux of Plaintiff's complaint for

4

damages.  Thus, to the extent True was involved in any of the conduct complained of by Plaintiff, it was on behalf of Biomass.  Therefore, the Complaint should be dismissed as to True for lack of personal jurisdiction.

**C.     Defendants Do Not Have Sufficient Contacts With the Forum State To Support the Exercise of Personal Jurisdiction**

The Plaintiff's only allegations regarding personal jurisdiction relate to conduct of True.  Thus, the Complaint should be dismissed as to Sunbury, Fiber, and VCD because, as discussed, supra, True is not an agent or officer of these entities.  However, even if True was an agent or officer of all Defendants, there are not sufficient contacts to support personal jurisdiction.

"When specific jurisdiction is the basis for adjudication of claims against an out-of-state defendant, due process requires a clear, firm nexus between the acts of the defendant and the consequences complained of in order to establish the necessary contacts." Ex parte Troncalli Chrysler Plymouth Dodge, Inc., 876 So. 2d 459 (Ala. 2003). The conduct alleged to support the assertion of personal jurisdiction must arise from contacts generated by the defendant, and may not be the result of acts initiated by the plaintiff or some other third party. Asahi Metal Indus. Co. v. Superior Court of California, 480 U.S. 102 (1987); Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985).  Here, Plaintiff initiated the contacts with Biomass by seeking an opportunity to work for the defendant in reference to a project ongoing in New Hampshire.  Biomass' response to these outreaches by Plaintiff does not constitute purposeful contact with and activity in the State of Alabama, and as a result this Court should dismiss this action for lack of personal jurisdiction.

**D.    Plaintiffs Arguments Are Either Factually Inaccurate or a Misapplication of the Law**

Plaintiff initiates its discussion of personal jurisdiction as to Greg True and Biomass by asserting that when an entity intentionally reaches beyond its boundaries to conduct business with foreign residents, jurisdiction is proper.[1]  However, Plaintiff then concedes "Shane Gaither initiated the first phone call to Defendants." Opposition at 5. Because, as Plaintiff concedes, Shane Gaither contacted Defendant Biomass in New Hampshire, it is the Plaintiff that intentionally reached beyond its boundaries in order to conduct business with a foreign entity.

Plaintiff argues in the Opposition that, although Plaintiff initiated the contact, that fact is irrelevant for purposes of the personal jurisdiction analysis. However, numerous courts have found that it is of particular relevance whether the plaintiff initiated the sale or contact. See Madison Consulting Group v. South Carolina, 752 F.2d 1193 (7th Cir. 1985); CBP Res., Inc. v. Ingredient Res. Corp., 954 F. Supp. 1106 (M.D.N.C. 1996); Regent Lighting Corp. v. American Lighting Concept, Inc., 25 F. Supp. 2d 705 (M.D.N.C. 1997) ("the contacts to be considered for purposes of personal jurisdiction are those actually generated by Defendants, not those created by the unilateral acts of Plaintiff"); Wells American Corp. v. Sunshine Electronics, 717 F. Supp. 1121, 1123 (D.S.C. 1989); American Stair Corp. v. Renata Constr. Co., 625 F. Supp. 136 (N.D. Ill. 1985).  Further, the United States Supreme Court has repeatedly noted the importance of whether the contacts were initiated by "an action of the defendant [that was] purposefully directed toward the forum State." Asahi Metal Indus. Co. v. Superior Court of California,

---

[1] Because Plaintiff effectively concedes in its Opposition that general jurisdiction does not exist over the Defendants, this discussion focuses on the requirements for specific jurisdiction. See Opposition at pp. 2-3.

6

480 U.S. 102 (1987), and that the purposeful-availment requirement assures that a defendant will not be haled into a jurisdiction as a result of "the unilateral activity of another person or a third person." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985); see also Butler, 83 F. Supp. 2d at 1265-66 ("it is essential that in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protection of its laws.")

Defendants' response to the initial contacts by the Plaintiff, and subsequent work with Plaintiff on a project based in New Hampshire, cannot be interpreted as such a purposeful availment. If the sole test for purposeful availment is to conduct business or interact with a person from another State, the purposeful availment requirement would provide no threshold at all and be essentially meaningless. Thus, there are no factual allegations that could reasonably support the assertion of personal jurisdiction over Defendants. Consequently, it would not be fair or reasonable to require Defendants to come to Alabama to defend this action. See Steel Processors, Inc. v. Sue's Pumps, Inc. Rentals, 622 So. 2d 910 (Ala. 1993) (Florida corporation which contracted with Alabama corporation for materials used to repair barge in Florida did not have sufficient contacts with Alabama to establish personal jurisdiction). Plaintiff's obfuscation to the contrary is without merit.

Next, Plaintiff attempts to prop up its jurisdictional argument by stating that "Defendants maintain an interactive website that targets, advertises, and solicits its services to residents throughout Alabama." Opposition at 6. Plaintiffs then cite to Mink v. AAAAA Dev. LLC for the proposition that "[w]here a defendant maintains an

7

interactive website, minimum contacts usually exist." Opposition at 6; citing Mink v. AAAAA Dev. LLC, 190 F.3d 333, 336-37 (5th Cir. 1999).[2]

However, in Butler, also relied upon by Plaintiffs, the Court stated that "jurisdiction will lie only in those matters which are related to or which arise from those contacts." Butler, 83 F. Supp. 2d at 1265-66. Here, Plaintiff's argument that the website targets, advertises, and solicits residents in Alabama is inapposite to its jurisdictional argument. The VCD website is not interactive to any significant degree. Moreover, to the extent the VCD website is interactive, it is interactive for potential customers. As Dimension is not one of those potential customers, and the actions that form the basis of this dispute do not arise from the use of or interaction with that website by Dimension or Shane Gaither, the website cannot support a finding of jurisdiction over Defendants in this case. However, even if Plaintiff's misguided attempt to bootstrap specific jurisdiction over this action by referencing conduct involving third parties was legally appropriate, Plaintiff's claim that the website at issue is interactive is inaccurate. Plaintiff's attempts to describe passive activities such as obtain quotes, place orders for service, order software and interact with Defendants' personnel, which all occur through a process virtually no different than email transmission, as anything more significant than email messaging is inaccurate and self-serving. The website at issue does not qualify as interactive, and is significantly similar to the website described in Butler.

In Butler, the Court held that there were insufficient contacts for the assertion of personal jurisdiction over the defendant. Butler, 83 F. Supp. 2d at 1261. Plaintiff brought an action against Beer Across America for providing alcohol to her minor son. Beer

---

[2] In Mink the Fifth Circuit found that the Court did not have personal jurisdiction over the defendants.

8

Across America maintained an internet site, from which Plaintiff's son ordered beer. In finding that the website, and sales based upon orders from the website, did not support the assertion of personal jurisdiction over the defendant, the Court stated that the limited interactivity of the website (accepting orders and communication) "was insufficient to satisfy the minimum contacts requirement of due process." Id. at 1268. The Court also found it important that, as is the case here, the defendant was not registered to do business in Alabama, owned no property in Alabama, maintained no offices in the state, and did not place advertisements with Alabama media outlets.

## **CONCLUSION**

The burden of establishing personal jurisdiction over a nonresident defendant is on the plaintiff. Plaintiff's only allegations relating to jurisdiction over the Sunbury Group and Fiber M Technologies is that Greg True was an agent or officer for those entities; an assertion that is demonstrably false. Thus, this Court does not have jurisdiction over those defendants. Additionally, it is uncontested that the contacts between the parties was initiated by Plaintiff, who made contact with Biomass in New Hampshire offering to work for Biomass on a project being performed in New Hampshire. Thus, the Defendants did not purposefully direct its conduct to the State of Alabama, and the Defendants lack sufficient contacts with the forum state for the assertion of personal jurisdiction.

**RESPECTFULLY SUBMITTED** on this 15th day of March 2006.

/s/ Max A. Moseley
David W. Proctor

                                        Max A. Moseley
                                        Attorneys for Defendants
                                        Biomass Resources, Inc., et al.

JOHNSTON BARTON PROCTOR & POWELL LLP
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618
Telephone:   (205) 458-9400
Facsimile:    (205) 458-9500
E-mail:       dwp@jbpp.com
                 mam@jbpp.com

                OF COUNSEL

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 15th day of March, 2006, served the above and foregoing by placing a copy of the same in the United States mail, properly addressed and postage prepaid, on the following:

> R. Lane Finch, Jr.
> Jamie A. Johnston
> Reginald L. Jeter
> Haskell Slaughter Young & Rediker, L.L.C.
> 1400 Park Place Tower
> 2001 Park Place
> Birmingham, Alabama 35203-2618

> /s/ Max A. Moseley
> Of Counsel