IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Dimension D, LLC, | ) |
|     Plaintiff, | ) |
| v. | ) |
| Greg True, Biomass Resources, Inc., The Sunbury Group, Inc., The Virtual Chip Doctor, Fiber M Technologies, Inc., and Fictitious Defendants A, B, C, D, and E, being those individuals or entities which discovery may reveal to be obligated for the services furnished by the plaintiff or to be in some other way liable for those matters asserted in the complaint, | ) CIVIL ACTION NO. <br> ) <br> ) 2006-CV-113 |
|     Defendants. | ) |

### PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION MOTION TO REMAND AND TO AWARD ATTORNEY FEES

The Defendants are attempting to mislead this Court and that effort has caused Plaintiff to incur attorney fees to fight a removal which had no legal basis in the first place. For example, the Defendants assert the amount in controversy exceeds $75,000 because Defendant Greg True avers that the Plaintiff's damages "greatly exceeds $100,000.00." Doc. 11, ¶ 12. Strangely, since the Defendants like to reference inadmissible settlement discussions (as referenced below and Plaintiff's Motion to Remand & To Award Attorney Fees), they omitted to tell this court that the Plaintiff's last settlement demand was $42,500.[1] *See*, Ex. A. They also mislead the Court in their assertion that federal copyright law applies. It does not apply because Plaintiff did not sue

---

[1] This and plaintiff's other references to settlement discussions is not intended as a waiver of Fed. R. Evid, rules 408 and 409 and these references are made solely to rebut Defendants' current attempts to create subject matter jurisdiction in this Court.

under federal copyright law and, if the defendants' attorney is correct, because "algorithms are not subject to copyright protection." See, Ex. B, p. 2.

### I.   Dimension D's Complaint Requests an Amount Certain

The Defendants cannot ignore Dimension D's express claim for damages in the amount of $73,786.44, and substitute their own assessment of the damages.

The Defendants assert that the prayer in the complaint is "random, incomprehensible, and not entitled to any deference." Doc. 10, p. 1. However, the complaint could not more clearly limit the damage claim to less than $75,000. **It alleges "total damages of $73,786.44, plus accrued interest."** Doc. 1, Exhibit A (Complaint), ¶¶ 19, 21, 23, 27, 30 (emphasis added). The complaint even sets forth in detail how the plaintiff calculated its damages. *Id.* As if that were not clear enough, the prayer at the end of the complaint specifically states: "plaintiff demands judgment against defendants ... for all compensatory damages to which Dimension D, LLC is entitled **in an amount less than $75,000** to be determined by a jury, plus interest and costs." *Id.* at p. 6. Under the Defendants' approach, the plaintiff never has control over the damages sought because it is the defendants' assessment of damages which controls. Doc. 10, p 4. There is no authority for such a wild proposition and that argument does not even meet the Rule 11 "logical extension of existing law" standard. Fed. R. Civ. P., rule 11(b)(2).

The Defendants failed to candidly tell the Court that the complaint specifically pleads a limitation on the amount sought, to wit, "all compensatory damages to which Dimension D, LLC is entitled **in an amount less than $75,000** to be determined by a jury, plus interest and costs." Doc. 1, Exhibit A, p. 6, (emphasis added). Instead, they mislead this Court, starting at page 1 of their brief, by using an excerpt from the prayer, "for all compensatory damages to which it (sic) is entitled," to support their argument regarding the amount in controversy requirement. Doc.

10, p. 1. In fact, only once in their brief do they allude to the limitation in the prayer, but they then mislead the Court three more times by misquoting the prayer as seeking "all compensatory damages to which Dimension D, LLC is entitled. (sic)" Doc. 10, pp. 2, 3, 4.

The Defendants simply ignore established law. *Seroyer v. Pfizer, Inc.*, 991 F.Supp. 1308 (M.D. Ala. 1997) rejected the argument now made by the Defendants that the plaintiff's prayer for relief is "arbitrary" and should be ignored. In *Seroyer*, the court held that where the plaintiffs specifically plead that they sought relief that does not exceed amount which was one dollar less than amount in controversy requirement for diversity jurisdiction, the case could not be removed on basis of diversity. 991 F.Supp. at 1308. The Court stated,

> the court finds that plaintiffs have in fact demanded a sum certain. It is true that in subparagraph D of their prayer for relief, plaintiffs neglect to demand a sum certain, and make only the following general request: "D. Such other relief and further legal or declaratory relief, (but no punitive damages or equitable relief) as the Court deems just and proper." Plaintiffs also fail to recite a sum certain in any of the other subparagraphs found in their prayer for relief. However, the first paragraph in the prayer introduces the subparagraphs and does contain a sum certain.

*Id*. at 1313. Here, Dimension D's complaint states a sum certain which is less than the amount in controversy requirement for diversity jurisdiction. Further, it is important to note that at no time during settlement discussions did the Plaintiff ever demand $75,000 or more. *See, Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994) (settlement demand considered to determine amount in controversy and stating that although settlement may not "be determinative, it counts for something"). Of course, when the Court considers the settlement discussions, it is even clearer that the amount in controversy is less than $75,000. Plaintiff's last settlement demand was only $42,500, a fact the Defendants failed to mention to the Court.

Accordingly, this case is due to be remanded to the Circuit Court of Autauga County because the amount in controversy is less than the jurisdictional requirements.

3

     II.     **Dimension D's Breach of Contract Claims <u>Are Not Pre-Empted by Federal Copyright Law</u>**

The Defendants' argument that Plaintiff's contract-based claims are pre-empted by federal copyright law or based on federal copyright law is frivolous and entirely without merit. Doc. 10. As discussed more fully in Plaintiff's Motion to Remand, Defendants' contentions are without merit and are not supported by either law or fact. Even if Plaintiff's claims were based upon intellectual property rights, <u>which they are not</u>, the Copyright Act does not completely pre-empt all state law claims.[2]

A majority of courts have held that the Copyright Act does not preempt state law breach of contract claims, either oral or written. *See, National Car Rental System, Inc. v. Computer Associates Intern, Inc.*, 991 F.2d 426 (8th Cir. 1993); Acorn *Structures, Inc. v. Swantz*, 846 F.2d 923 (4th Cir. 1988); *Dorsey v. Money Mack Music, Inc.*, 304 F.Supp. 2d 858 (E.D. La. 2003); Hustlers *Inc. v. Thomasson*, 253 F.Supp.2d 1285 (N.D. Ga. 2002); Chesler/*Perlmutter Prods. Inc.*, 177 F.Supp.2d 1050 (C.D. Cal. 2001); *Howard v. Sterchi*, 725 F.Supp. 1572 (N.D. Ga. 1989). Such Courts reason that breach of contract claims involve contracts that have specific promises which provide an "extra element" that prevents federal preemption. Defendants offered no contrary authority.

Defendants' "federal question" argument similarly ignores established law and reality. First, the plaintiff did not plead a copyright claim. Defendants ignore that reality by again referring to settlement discussions – and again they fail to fully inform the Court of those discussions: The Defendants themselves maintained that Plaintiff never had a copyright interest in the subject algorithm. *See*, Ex. B.

---

[2] The Supreme Court has only identified the Employee Retirement Income Security Act ("ERISA") and the Labor Management Relations Act ("LMRA"), as having complete and total preemption of any state law claims. *See, Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987) ("ERISA"); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("LMRA").

The case Defendants cite for the proposition that reference to settlement discussions is appropriate relates only to the dollar amount of settlement demands, not the legal theory invoked. *See, Martin v. Mentor Corp.*, 142 F.Supp.2d 1346 (M.D. Fla. 2001). That case merely stands for the proposition that "[w]here a plaintiff does not specify a demand for damages, <u>the removing defendant must prove that the amount in controversy exceeds $75,000 by a preponderance of the evidence</u>." 142 F.Supp.2d at 1348, citation omitted, (emphasis added). Not only have the Defendants failed to prove by a preponderance of the evidence that Plaintiff's damages exceed, $75,000, Dimension D specified in the complaint that its damages were only "$73,786.44, plus accrued interest." Doc. 1, Exhibit A, ¶¶ 19, 21, 23, 27, 30.

The simple fact is the Plaintiff did not sue for copyright infringement. Whether it had a right to or not is utterly irrelevant and cannot confer federal question jurisdiction. Further, the plaintiff's claims do not depend on a protectable interest in copyrighted material. The Plaintiff's claims rest on the oral contract between the parties, a contract honored by the Defendants for some period of time.

Therefore, Defendants assertion that federal question jurisdiction exists under 28 U.S.C. § 1331 is equally without merit and this case is due to be remanded to the Circuit Court of Autauga County.

### III. <u>Conclusion: Motion to Remand Should be Granted and Plaintiff Should be Awarded Sactions.</u>

28 U.S.C. § 1447 (c) authorizes the federal court to require that a party pay just costs and actual expenses incurred as a result of the removal. By virtue of statute, these just costs may include attorney fees. *Id.*

**This case was improperly removed to federal court**. The complaint expressly seeks less than $75,000, Plaintiff previously offered to settle for less that $75,000, the Defendants have always asserted federal copyright was not applicable and the complaint does not allege a copyright violation. Nonetheless, the Defendants removed this case and have submitted misleading and groundless arguments to this court. Even without proof of such bad faith, this court has the authority to award expenses incurred by the Plaintiff as a result of improper removal of this action to federal court. *Liebig v. Dejoy*, 814 F.Supp. 1074 (M.D. Fla. 1993).

In light of all the facts, circumstances, and controlling authority, the Plaintiff requests that this Court remand this case to the Circuit Court of Autauga County and order that the removing Defendants award a reasonable attorney fee to Plaintiff's counsel for their efforts in effectuating the remand of this case to state court.

RESPECTFULLY SUBMITTED,

DATED:    March 17, 2006

/s/ Reginald L. Jeter
F. LANE FINCH, JR. (FIN017)
JAMIE A. JOHNSTON (JOH164)
REGINALD L. JETER (JET005)
Attorney for Dimension D, LLC.

**OF COUNSEL:**

**Haskell Slaughter Young & Rediker, LLC**
1400 Park Place Tower
2001 Park Place
Birmingham, Alabama  35203-2618
Telephone (205) 251-1000
Facsimile (205) 324-1133

**Haskell Slaughter Young & Gallion, LLC**
305 South Lawrence Street
Montgomery, Alabama 36104
Telephone (334) 265-8573
Facsimile (334) 264-7945

## CERTIFICATE OF SERVICE

I hereby certify that on this the 17th day of March, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the below listed counsel:

David W. Proctor
Max A. Moseley
Johnston Barton Proctor & Powell, LLP
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618
Email:  dwp@jbpp.com
        mam@jbpp.com

/s/ Reginald L. Jeter
OF COUNSEL

449866.2