# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **Dimension D, LLC,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )    CIVIL ACTION NO. 06-CV-113 |
| | ) |
| **Biomass Resources, Inc., et al** | ) |
| | ) |
| **Defendants.** | ) |

## DEFENDANT'S MOTION TO STRIKE
## INFLAMMATORY AND IRRELEVANT MATERIAL

The Defendants, Biomass Resources, Inc., The Sunbury Group, Inc., Fiber M Technologies and The Virtual Chip Doctor ("Defendants"), hereby moves this Court to strike "Plaintiffs Reply To Defendants' Opposition Motion To Remand and To Award Attorney's Fees (the Reply")." As grounds therefore, Defendants state as follows:

### I. INTRODUCTION

1. Defendants removed this action from the Circuit Court of Autauga County Alabama on February 6, 2006. Thereafter, Plaintiffs filed a motion to remand on February 20, 2006.

2. The Court entered an order requiring Defendants to file a reply to the motion to remand by March 15, 2006. Defendants filed their opposition to remand on March 14, 2005. Thereafter, Plaintiffs filed the Reply on March 17, 2006.

### II. ARGUMENT

3. As an initial matter, Defendants assert that the Reply should be stricken because the Court's Order dated February 21, 2006 only provided that Defendants respond to the Plaintiff's Motion to Remand by March 15, 2006. No other replies or

responses were referenced. More importantly, the Reply should be stricken because it contains irrelevant, inflammatory, and unfounded accusations of ethical violations and unprofessional conduct directed against counsel for the Defendants.

A.  <u>Plaintiff's Reply Asserts Irrelevant, Inflammatory, and Unfounded Accusations of Ethical Impropriety on the Part of Defendant's Counsel</u>

Plaintiffs Reply should be stricken because it asserts unnecessarily inflammatory allegations against Counsel for the Defendants. It is apparent that the parties to this action have different interpretations and understanding about the facts and law underlying the current dispute. However, this is not unusual, as the parties to a lawsuit generally have legal and factual disputes. What is unusual about this action, and the course of the pleadings filed in this case, is Plaintiff's decision to resort to allegations about the ethical conduct of Defendants' counsel in its latest pleadings. Counsel for Defendants take their ethical obligations seriously, and take exception to the assertions and implication that they have violated ethical rules and their professional obligations.

In its demeanor and conduct surrounding this legal and factual dispute as well as the prosecution of its Motion, Plaintiff's counsel has wholly abandoned civil written discourse and argument. Plaintiff asserts or implies on numerous occasions in the Reply that Defendants are engaging in unethical or improper conduct. At various point in the Reply, Plaintiff states that;

"The Defendants are attempting to mislead this Court" (Reply at p. 1); "They also mislead the Court" (Reply at 1); "Defendants failed to candidly tell the Court" (Reply at 2); "they mislead this Court" (Reply at 2); "then mislead the Court three more times" (Reply at 3); "submitted misleading and groundless arguments to this Court" (Reply at 6);

"frivolous" (Reply at 4); "since the Defendants like to reference inadmissible settlement discussions…they omitted to tell this Court" (Reply at 1).

    Plaintiff's primary assertion that counsel for Defendants is attempting to mislead the Court and fails to be candid with the Court relates to Defendants argument that Plaintiff's reference in the ad damnum clause to an amount less than $75,000.00 is legally insignificant since the ad damnum also requests all compensatory damages to which they are entitled.  Plaintiff states that Defendant is misleading the Court and failing to be candid by quoting the request for all compensatory damages on several occasions without also including the perfunctory reference to an amount less than $75,000.00.  However, immediately after asserting that counsel to Defendants is misleading the Court, Plaintiff states that "only once in their brief do they allude to the limitation in the prayer, but they then mislead the Court three more times by misquoting."  Thus, Plaintiff concedes that counsel to Defendants do in fact discuss the reference to less than $75,000.00 in the ad damnum.

    A review of the discussion of this issue by Defendants makes Plaintiff's assertion that counsel was misleading even more difficult to comprehend.  Defendants discuss the reference to less than $75,000.00 at length, and provide caselaw to support the proposition that this reference is perfunctory and insignificant.  The following is directly excerpted from the Defendants' Opposition To Motion To Remand.  This excerpt directly relates to the discussion of the very issue about which Plaintiff asserts Defendants' counsel attempts to mislead the Court and fails to candidly point out to the Court:

> Moreover, despite the vagaries of Plaintiff's calculation of damages in the body of the Complaint, the Plaintiff requests all compensatory damages in the ad damnum

>clause at the conclusion of its Complaint. Although the Plaintiff artificially states that this amount is less than $75,000.00, perfunctory statements such as this are not controlling, and Plaintiff's Complaint in fact seeks "all compensatory damages to which Dimension D, LLC is entitled." See Werwinski v. Ford Motor Co., 286 F.3d 661 (3d Cir. 2002) (finding that plaintiff's perfunctory reference to an "amount less than $75,000" is inconsequential). In Raye v. Employer's Ins. of Wausau, 345 F. Supp. 2d 1313 (S.D. Ala. 2004), the Plaintiff requested in the ad damnum "[t]hat the Plaintiff be awarded damages compensatory and punitive damages, not to exceed Seventy-Five Thousand and No/100 ($75,000.00) Dollars." Id. at 1316. In denying plaintiff's motion to remand, the Court found that the amount in controversy requirement was met, despite the blanket assertion in the ad damnum that Plaintiff sought an amount not to exceed $75,000.00. Id.

Defendants' Opposition To Motion To Remand at p. 3. Counsel to Defendants explicity reference the perfunctory limitation language, and then cite significant caselaw for the proposition that the perfunctory language is inconsequential. This perfunctory language is not discussed in any significant way elsewhere in the brief because Defendants' assertion is that the discussion and caselaw support the proposition that that language is inconsequential.

Plaintiff's assertion that Defendants' counsel is misleading the Court and failing to be candid with the Court because this language is not repeated throughout is severely troubling. Cannon v. Cherry Hill Toyota, 190 F.R.D. 147, 163 (D. N.J. 1999) (finding that sanctions may be warranted for the "repeated use of inflammatory language in his personal attacks on Plaintiff and her attorneys, his unsupported accusation of perjury and unethical conduct and the misstatements of facts contained in his sworn certifications.") Positing these types of accusations are highly improper, and are serious and damaging accusations about the ethical conduct of members of the bar, who rely on their

reputations for honesty and ethical behavior.  <u>Rosa v. Banco Popular de Puerto Rico</u>, 171 F.R.D. 16 (D. P.R. 1997) ("it is not proper to attribute bad motives or improper conduct to other counsel and indirectly bring the profession into disrepute by exaggerated accusations of impropriety.")

In other instances, the Plaintiffs distort disagreements about the factual and legal basis for jurisdiction into unethical conduct, as in the accusation that Defendants' counsel "mislead the Court in their assertion that federal copyright law applies."  Taken in isolation, this characterization of the disagreement over whether federal jurisdiction exists as misleading the Court might be less innocuous, however, its effect is amplified by the numerous other accusations that counsel is misleading the Court.  <u>See</u> <u>In re Property Movers L.L.C.</u>, 31 Fed. Appx. 81 (4th Cir. 2002) ("Serious accusations of this sort are frivolous when they attempt to characterize what is at most a disagreement over facts or law as criminal conduct").    There is no legitimate purpose served by Plaintiff's objectionable verbiage except to demean the Defendants' counsel, and indirectly, the legal process.  Plaintiff accuses Defendants' counsel of numerous acts of unethical and sanctionable conduct.  Defendants' counsel takes these charges very seriously.  Defendants' counsel's positions require and are dependent on not only that they actually conduct themselves with the highest of ethical standards, but also that others perceive them as acting in conformity with those standards.  Plaintiff's Reply repeatedly and unjustifiably impugns the ethics and standards of Defendants' counsel.  The Reply is so replete with unprofessional accusations and imprudent verbiage that the entire pleading should be stricken from the record.  Therefore, Defendants hereby move this Court to strike Plaintiff's Reply.

B.      <u>Plaintiff's Demand Letter Is Not Protected by Federal Rules of Evidence Rule 408 as It Is Not an Offer of Compromise and Also Because It Was Not Submitted To Prove the Validity or Invalidity of the Claim</u>

Finally, Plaintiff repeatedly accuses Defendants of improperly referencing settlement negotiations. According to Federal Rule of Evidence Rule 408, "evidence of an offer to compromise is not receivable in evidence as an admission of, as the case may be, the validity or invalidity of the claim." F.R.E. Rule 408 Advisory Committee's Note. The Note further explains that "[s]ince the Rule excludes only when the purpose is proving the validity or invalidity of the claim or its amount, an offer for another purpose is not within the rule." F.R.E. Rule 408 Advisory Committee's Note. Here, Plaintiff's demand letter was not an offer to compromise and did not include language asserting that the statements were made as part of settlement or compromise, and Defendants reference to Plaintiff's demand letter in the notice of removal was not for the purpose of proving liability or the amount, but for determining subject matter jurisdiction. In contrast, Plaintiff has filed a letter from Defendants' counsel, and interestingly, the language asserting that the letter was part of settlement negotiations has been blacked out.

First, Plaintiff's demand letter was not an offer of compromise, and did not contain any language asserting that the letter was part of an effort at settlement or compromise. Therefore, the demand letter is not entitled to any protection under F.R.E Rule 408.

Second, Defendants reference to Plaintiff's demand letter in the notice of removal was not for the purpose of proving liability or the amount, but for determining subject matter jurisdiction. As a general rule, defendants can use demand letters, as "other paper" under 28 U.S.C. § 1446(b), to determine whether a case is removable. <u>Stramel v.</u>

GE Capital Small Bus. Fin. Corp., 955 F. Supp. 65, 68 (E.D. Tex.1997); Sunburst Bank v. Summit Acceptance Corp., 878 F. Supp. 77, 82 (S.D. Miss.1995).  Here, Defendants did not introduce the demand letter in order to determine liability, but merely to demonstrate that Plaintiff has asserted that it has an intellectual property interest in Defendants' product, and that this circumstance supports a finding of federal question jurisdiction.  Thus, Rule 408 is not applicable.

Finally, Plaintiff has attached as exhibits to its pleadings a letter written from Defendants' counsel to Plaintiff's counsel.  Plaintiff has chosen in its exhibit to unilaterally redact portions of that letter.  The second sentence of that letter that Plaintiff redacts states: "The following is being shared with you for settlement purposes only and shall not be used for any other purpose." (Attached to this motion as Exhibit A is a unredacted copy of the letter).  Moreover, Plaintiff redacted significant portions of the letter discussing the copyright and patent issues that Defendants recited in response to Plaintiff's  assertion of a protectable interest in the Intellectual Property.  The only portion left unredacted is Defendants' assertion that no protectable interest exists. Inexplicably, Plaintiff appears to assert that because Defendants have not admitted Plaintiff has a protectable interest under federal copyright or patent law, that no federal question jurisdiction exists.  This would be similar to a Plaintiff bringing a $1,000,000.00 suit in state court, and then in order to defeat diversity jurisdiction on removal, the Plaintiff asserts that in previous discussions the Defendant argued that he did not owe Plaintiff any amount and therefore the amount in controversy is not met.

Plaintiff repeatedly asserts that its materials are protected but then submit those it believes are helpful to its position, with significant portions, including those asserting a

settlement limitation, redacted. This selective assertion and redaction is unsupportable. Defendants assert that all of these materials are appropriate for submission to the Court for the purposes of determining jurisdiction, even though some may later be inadmissible for purposes of determining liability. For those reasons, Defendants do not object to their admission for determining jurisdiction in their entirety, but does object to Plaintiff's selective redaction, and reserve the right to contest their admissibility on the issue of liability, where determined appropriate by the Court.

## CONCLUSION

Plaintiff's Reply repeatedly and unjustifiably impugns the ethics and standards of Defendants' counsel. The Reply is so replete with unprofessional accusations and imprudent verbiage that the entire pleading should be stricken from the record. Although some courts have held actions and conduct similar to Plaintiff's are sanctionable in and of themselves, and Defendants' counsel takes these allegations extremely seriously, Defendants do not wish at this time to continue to take up the valuable time of the Court by requesting a hearing on the accusations made by Plaintiff or other redress beyond the striking of the pleading at issue. Finally, Plaintiff's repeated assertions and remarks regarding the submission of a demand letter as support for a jurisdictional argument are factually and legally incorrect.

WHEREFORE, Defendants respectfully request that this Court enter an order;

(i) striking Plaintiff's Reply to Defendant's Opposition to Remand and to Award Attorney's Fees;

(ii) overruling Plaintiff's objection to the use of the demand letter and other papers for the limited purpose of determining jurisdiction;

(iii) reserving Defendants' right to contest the admissibility of any and all documents submitted in this action in order to determine jurisdictional matters should those documents be submitted for purposes contrary to Federal Rules of Evidence Rule 408;

(iv) such other and further relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED** on this 22nd day of March 2006.

    /s/ Max A. Moseley
    David W. Proctor
    Max A. Moseley
    Attorneys for Defendants
    Biomass Resources, Inc., et al.

JOHNSTON BARTON PROCTOR & POWELL LLP
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618
Telephone:   (205) 458-9400
Facsimile:   (205) 458-9500
E-mail:   dwp@jbpp.com
          mam@jbpp.com

        OF COUNSEL

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 22nd day of March, 2006, served the above and foregoing by placing a copy of the same in the United States mail, properly addressed and postage prepaid, on the following:

>R. Lane Finch, Jr.
>Jamie A. Johnston
>Reginald L. Jeter
>Haskell Slaughter Young & Rediker, L.L.C.
>1400 Park Place Tower
>2001 Park Place
>Birmingham, Alabama 35203-2618

>/s/ Max A. Moseley
>Of Counsel