IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Dimension D, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Greg True, Biomass Resources, Inc., The )<br>Sunbury Group, Inc., The Virtual Chip )<br>Doctor, Fiber M Technologies, Inc., and )<br>Fictitious Defendants A, B, C, D, and E, )<br>being those individuals or entities which )<br>discovery may reveal to be obligated for )<br>the services furnished by the plaintiff or to )<br>be in some other way liable for those )<br>matters asserted in the complaint, )<br>)<br>Defendants. ) | CIVIL ACTION NO.<br><br>2006-CV-113 |

## OPPOSITION TO DEFENDANTS' MOTION TO STRIKE

Plaintiff's opposition to Defendants' motion to strike will be short as the Defendants' tactics have been costly enough in light of the fact that <u>this case clearly **does not** meet the diversity jurisdiction requirements.</u>

As the Court has been made aware in connection with Plaintiff's Motion to Remand, <u>Plaintiff seeks $73,786.44</u> in its <u>breach of contract action</u> against the defendants. <u>It seeks no other damages.</u> Plaintiff even <u>offered to settle all claims against the Defendants for $42,500</u> prior to filing suit. Nonetheless, the Defendants removed this case to Federal Court and base their amount in controversy claim solely on the opinion of one defendant that the value of Plaintiff's claim exceeds $100,000.

Plaintiff's reply brief[1] does not, as alleged in the motion to strike, contain irrelevant, inflammatory or unfounded accusations. Rather, the "accusations" are relevant and well-founded. That being the case, they are not inflammatory in the sense used in the cases cited by the Defendants.

Plaintiff's reply brief legitimately focuses on (1) the Defendants' <u>failure to fully inform</u> the Court of the settlement negotiations to which Defendants refer as evidence of jurisdiction and on (2) the Defendants' frequent use of a partial quote of the *ad damnum* clause as other purported support of their amount in controversy claim. Plaintiff's reply brief provides a full exposition of the relevant facts and pleadings relating to the amount in controversy since the Defendants did not provide full disclosure of the settlement discussions and they often failed to fully or properly quote the *ad damnum* clause in their brief.

The Southern District of Alabama case relied upon by the Defendants for the proposition that an *ad damnum* clause seeking "less than $75,000" does not bar federal court jurisdiction, *Raye v. Employers Ins. of Wausau*, 345 F. Supp. 2d 1313 (S. D. Ala. 2004), is easily distinguished. In *Raye,* the plaintiff sought: (1) recovery of "unpaid medical benefits and future medical benefits . . ." and (2) compensatory and punitive damages "not to exceed Seventy-Five Thousand ($75,000) Dollars." *Id.* at 1315-16. The Court logically concluded that the value of the medical benefits sought must be at least one penny, putting the total amount sought at a minimum of $75,000.01. *Id.* at 1316-17. <u>This Court will also note that the Southern District found the prayer for compensatory and punitive damages "not to exceed $75,000," "standing alone, would not trigger diversity jurisdiction . . . ."</u> *Id.* at 1317, emphasis added.

---

[1] To the extent the Court's Order dated February 21, 2006, did not contemplate the need for Plaintiff to reply to Defendants' opposition to the Motion to Remand, the Plaintiff respectfully requests that the Court consider Plaintiff's reply which was filed on March 17, 2006 (Doc. 14).

2

Here, Dimension D's complaint seeks compensatory damages "in an amount less than $75,000" and specifically quantifies those damages at $73,786.44. (Doc. 1, Exh. A, pp. 4-6) Dimension D seeks <u>no</u> additional damage as did the Plaintiff in *Raye*. <u>Further, under *Raye*, a prayer for damages not to exceed $75,000 "standing alone [does] not trigger diversity jurisdiction . . . ."</u> *Id.* at 1317, emphasis added.

Despite Dimension D's specific limit on the amount sought, to wit, $73,786.44, Defendants three times emphasized to this Court that Plaintiff sought, to quote the Defendants' brief, "all compensatory damages to which Dimension D, LLC is entitled. (sic)"[2] The fact the Defendants three times failed to acknowledge omission of the phrase "in an amount less than $75,000" by use of an ellipsis, <u>as required</u> by convention and by the Bluebook, is misleading. The Bluebook: A Uniform System of Citation R. 5.2(a)(iii), at 45-46 (Columbia Law Review Ass'n *et al.* eds., 17th ed. 2000).

Defendants' reference to federal copyright law can be seen as nothing but a red herring[3] because Plaintiff simply did not plead a copyright claim. There can be no other purpose for referencing a claim which was <u>not</u> pled. Defendants' Motion to Strike is oddly silent as to a legitimate reason for the Defendants' reference to federal copyright law. It is irrelevant that early settlement discussions involved assertion of a copyright law; that claim was abandoned <u>before</u> suit was filed. (*See* Complaint).

Once the Defendants chose to reference settlement discussions in an attempt to prove diversity jurisdiction, they should have, in all candor, informed the Court that the Plaintiff's last settlement demand was only $42,500. To call the letter containing that demand "not an offer to

---

[2]/ The properly quoted phrase is either "all compensatory damages to which Dimension D, LLC is entitled . . . " <u>or</u> "all compensatory damages to which Dimension D, LLC is entitled in an amount less than $75,000 to be determined by a jury, plus interest and costs."

[3]/ "Something that draws attention away from the central issue." The American Heritage Dictionary (4th ed. 2000).

3

compromise" is ridiculous. (Doc. 15, p. 6) That letter states "Mr. Gaither [managing member of Dimension D] will accept a lump sum of $42,000." Without waiving its rights under Federal Rules of Evidence Rule 408 regarding the admissibility of settlement discussions, the Plaintiff attaches an unredacted copy of that August 16, 2005 settlement demand[4] as Exhibit A. As the Court can see, the Plaintiff never valued its claim at $75,000 or more. In the first paragraph, the Plaintiff states "the total amount would be $66,448.48." In the second paragraph, it states that it is "willing to settle for payments based on 6 percent of gross." "[Dimension D] will accept $27,822.38 for past due payments plus future payments at the rate of 6 percent of gross (approximately $22,013.96) [for a total of $49,836.34]." Plaintiff then makes the alternative settlement proposal: it "will accept a lump sum of $42,500." See Exhibit A.

The Plaintiff's statements that the Defendants misled the Court regarding the amount in controversy are relevant and are well-founded on the evidence submitted to this Court both herein and in Plaintiff's reply brief. For that reason, the Defendants' motion to strike should be denied.

Respectfully Submitted,

DATED:   March 29, 2006

/s/ Reginald L. Jeter
**F. LANE FINCH, JR. (FIN017)**
**JAMIE A. JOHNSTON (JOH164)**
**REGINALD L. JETER (JET005)**
Attorneys for Dimension D, LLC

---

[4] The fact that there was no talismanic use of a label, such as "OFFER TO COMPROMISE" or "SETTLEMENT OFFER," is of no legal consequence. The August 16, 2005, letter clearly constituted a settlement demand and was sent in the context of on-going settlement discussions between Plaintiff's attorney and one of the attorneys for the Defendants.

**OF COUNSEL:**

**Haskell Slaughter Young & Rediker, LLC**
1400 Park Place Tower
2001 Park Place
Birmingham, Alabama 35203-2618
Telephone (205) 251-1000
Facsimile (205) 324-1133

**Haskell Slaughter Young & Gallion, LLC**
305 South Lawrence Street
Montgomery, Alabama 36104
Telephone (334) 265-8573
Facsimile (334) 264-7945

## CERTIFICATE OF SERVICE

  I hereby certify that on this the 29th day of March, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the below listed counsel:

  David W. Proctor
  Max A. Moseley
  Johnston Barton Proctor & Powell, LLP
  2900 AmSouth/Harbert Plaza
  1901 Sixth Avenue North
  Birmingham, Alabama 35203-2618
  Email: dwp@jbpp.com
     mam@jbpp.com

            /s/ Reginald L. Jeter
            OF COUNSEL

4512131.2