IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DIMENSION D, LLC, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:06CV113-SRW |
| | ) (WO) |
| GREG TRUE, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Plaintiff commenced the present action in the Circuit Court of Autauga County, Alabama, asserting state law claims of: (1) Breach of Contract; (2) Open Account; (3) Account Stated; (4) Money Had and Received; and (5) Work and Labor Done.  In its *ad damnum* clause, plaintiff seeks judgment "for all compensatory damages to which Dimension D, LLC is entitled in an amount less than $75,000 to be determined by a jury, plus interest and costs." (Complaint, p. 6).  Defendants removed the action to this court on February 6, 2006, asserting that this court has both diversity and federal question jurisdiction.  This action is presently before the court on plaintiff's motion to remand this matter to the state court.  Upon consideration of the motion, the court concludes that it is due to be granted.

<u>Diversity Jurisdiction</u>

To support jurisdiction on the basis of diversity of citizenship, the amount in controversy must "exceed[] the sum or value of $75,000, exclusive of interest and costs."

28 U.S.C. § 1332(a).[1] Defendants contend that it is apparent from the face of the complaint that the amount in controversy is in excess of $75,000. (Doc. # 1, p. 3). Defendants argue that, "[a]lthough Plaintiff artfully pleads its damages to total $73,786.44, it arbitrarily picks July 19, 2005 as a cut off date for damages and also arbitrarily picks 20 months in order to arrive at an amount of damages just below the $75,000 amount in controvers[y]." Id. Defendant further argues that the language in plaintiff's *ad damnum* clause limiting the amount of compensatory damages sought to "an amount less than $75,000" should be ignored because plaintiff precedes this language with a demand for all compensatory damages to which it is entitled, which may exceed $75,000. Id., pp. 3-4.

Despite defendants' assertions to the contrary, the court concludes that the complaint expressly claims damages in an amount less than $75,000. Defendants argue that plaintiff has not adequately explained its initial damage calculation of $37,096.50 as of July 19, 2005 – which defendants contend is "random and arbitrary" – or its decision to claim damages for 20 months following July 19, 2005, characterized by defendants as an "artificial limitation." (Doc. # 10, p. 3). However, the court need not decide whether plaintiff's failure to fully explain its damage calculation is sufficient to require it to ignore plaintiff's express claim for "$73,786.44, plus accrued interest." As noted above, plaintiff's *ad damnum* clause specifically limits its damages to "an amount less than $75,000." (Complaint, p. 6).[2] Under

---

[1] The parties do not dispute that there is complete diversity of citizenship between the parties.

[2] Contrary to defendants' argument, Werwinski v. Ford Motor Co., 286 F.3d 661 (3rd Cir. 2002) and Raye v. Employer's Ins. of Wausau, 345 F.Supp.2d 1313 (S.D. Ala. 2004), do not hold

these circumstances, defendants may avoid remand only if they prove to a legal certainty that the amount in controversy actually exceeds the jurisdictional minimum. Burns v. Windsor Insurance Co., 31 F.3d 1092 (11th Cir. 1994). Defendants' burden is heavy. To prevail on the present motion defendants must prove that, should plaintiffs prevail, "an award below the jurisdictional amount would be outside the range of permissible awards." Id. at 1096. In determining whether removal was proper, the court assesses its jurisdiction as of the time of removal. Id. at 1097 n. 13; Williams v. Best Buy Company, Inc., 269 F.3d 1316, 1321 (11th Cir. 2001); Poore v. American-Amicable Life Insurance Co. of Texas, 218 F.3d 1287, 1290-91 (11th Cir. 2000).

In the present case, plaintiff claims that defendants engaged its services to develop an algorithm to calculate "the potential or actual savings from the optimization of wood chip quality," that plaintiff provided the "proprietary algorithm" to defendants, and that defendants have used the algorithm on a website (www.thevirtualchipdoctor.com) and have failed to pay plaintiff as agreed. Defendants have filed the affidavit of defendant True. True states:

> The Virtual Chip Doctor is based upon computer software developed jointly by Biomass and Sunbury. This program's value is in excess of $100,000.00. Dimension D LLC has claimed that it has an interest in these programs and software, and has ordered that use of the program be terminated.
>
> Dimension D's request for all compensatory damages, if granted to the extent claimed by Shane Gaither based upon previous demands and based upon the value of the Virtual Chip Doctor and related accounts to which Gaither claims

---

or suggest that this express limitation should be ignored.

an interest, greatly exceeds $100,000.00.

(True affidavit, ¶¶ 11, 12).

However, plaintiff's complaint asserts an entitlement to compensation based on its services in developing a "proprietary algorithm," not the Virtual Chip Doctor computer program. (Complaint, ¶¶ 8-15; see also Exhibit C to Notice of Removal). Additionally, the plaintiff's complaint does not demand injunctive relief, but only compensatory damages. Defendants have failed to establish that plaintiff's asserted interest in the Virtual Chip Doctor program exceeds $75,000, and they have not indicated how the stated value of the program was calculated or how this stated value demonstrates to a legal certainty that plaintiff must recover more than $75,000 if he prevails on his claims.[3] Additionally, plaintiff has filed a copy of a letter from its counsel to defense counsel calculating plaintiff's damages at a total of $66,448.48 and offering to settle the controversy for a lump sum of $42,500. (Exhibit A to Doc. # 17).[4] The court concludes that defendants have failed to meet their heavy burden of proving to a legal certainty that – at the time of removal – the actual amount in

---

[3] Although the court does not rely on this statement, the court notes that defendants' counsel has taken the position in settlement negotiations that the Virtual Chip Doctor software was created independently of the algorithm it uses. (Attachment to Defendant's motion to strike, Doc. # 15)(Laboe letter to Finch, March 10, 2005, paragraph 3).

[4] An offer to compromise would not be admissible in the trial of this action. F.R.E. 408. However, "[a] settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 (11th Cir. 1994)("While [plaintiff's] settlement offer, by itself, may not be determinative, it counts for something.").

controversy was more than $75,000.00, exclusive of interest and costs.[5] See Burns, *supra*. Defendants' evidence falls far short of that required to prove that plaintiff's counsel has falsely or incompetently assessed his client's case and that plaintiff, if successful, must recover more than $75,000.00. See id., 31 F.3d at 1095. Thus, defendants have failed to establish that this court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

## Federal Question Jurisdiction

As noted above, plaintiff pleads only state law causes of action in its complaint. Defendants contend that this court nevertheless has federal question jurisdiction over the present action because: (1) plaintiff's state law contract-based claims are barred by the statute of frauds and, thus, "the only possible or logical theory upon which the claims can be based would be that the algorithms, derivative software, and other intellectual property are protectable under federal copyright or patent law"[6] (Notice of Removal, ¶¶ 24-25); (2) plaintiff's claims are preempted by federal patent and copyright law (id., ¶26).

The Eleventh Circuit has discussed the requirements for removal of a complaint asserting only state law claims on the basis of federal question jurisdiction as follows:

> Any claim that was originally filed in state court may be removed by a defendant to federal court if the case could have been filed in federal court

---

[5] Even under the preponderance standard, defendants have not demonstrated that the requisite amount is in controversy.

[6] The complaint does not assert any claim based on "derivative software" or intellectual property other than the "proprietary algorithm."

originally. 28 U.S.C. § 1441(a). Where, as here, there is not complete diversity of citizenship, the defendant must show that federal question jurisdiction is present. Id. § 1441(b). Federal courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Id. § 1331.

Whether a claim "arises under" federal law "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). Thus, "the plaintiff [is] the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law," even where a federal claim is also available. Id. However, even when a plaintiff has pled only state-law causes of action, he may not avoid federal jurisdiction if either (1) his state-law claims raise substantial questions of federal law or (2) federal law completely preempts his state-law claims. See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 13, 103 S.Ct. 2841, 2848, 77 L.Ed.2d 420 (1983).

In order for a state-law claim to raise substantial questions of federal law, "[federal] law must be an essential element of [plaintiff's] claim[, and] the federal right or immunity that forms the basis of the claim must be such that the claim will be supported if the federal law is given one construction or effect and defeated if it is given another." Mobil Oil Corp. v. Coastal Petroleum Co., 671 F.2d 419, 422 (11th Cir.1982). "[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Merrell Dow Pharms., Inc. v. Thompson, 478 U.S. 804, 813, 106 S.Ct. 3229, 3234, 92 L.Ed.2d 650 (1986). In other words, the state-law claim must "really and substantially involve[] a dispute or controversy respecting the validity, construction or effect of [federal] law." Mobil Oil, 671 F.2d at 422.

Complete preemption occurs when federal law so occupies a given field that a state-law claim is transformed into a claim "arising under" federal law. Geddes v. Am. Airlines, Inc., 321 F.3d 1349, 1353 (11th Cir.2003), cert. denied, 540 U.S. 946, 124 S.Ct. 386, 157 L.Ed.2d 276 (2003). In other words, "if a federal cause of action completely preempts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law." Franchise Tax Bd., 463 U.S. at 24, 103 S.Ct. at 2854.

Dunlap v. G&L Holding Group, Inc., 381 F.3d 1285, 1289-90 (11th Cir. 2004)(footnote omitted).

Defendants have cited no case law in support of their theory that, because plaintiff's state law claims are untenable[7] and plaintiff could have instead asserted federal claims, plaintiff's state law claims support federal question jurisdiction. The court concludes that this theory is without merit. See id. at 1290 ("'[T]the plaintiff [is] the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law,' even where a federal claim is also available.")(citing Caterpillar, 482 U.S. at 392).

Plaintiff alleges that defendants engaged him to provide a service – creation of a model or algorithm to calculate the potential or actual savings from the optimization of wood chip quality – that plaintiff did so, and that defendants thereafter failed to continue payments to plaintiff as agreed. (Complaint, ¶¶ 8-15). Defendants have not demonstrated that any of plaintiff's state law claims require, as an essential element of the claim, that the product developed by plaintiff be protected or protectable by federal copyright or patent law, or that federal patent or copyright rights otherwise are otherwise required elements of plaintiff's claims. Thus, defendants' removal of this action was proper only if any of plaintiff's state law claims are completely preempted by federal copyright or patent law.

The Eleventh Circuit has held that a state law claim is not completely preempted by § 301 of the Copyright Act unless the right at issue falls within the subject matter of

---

[7] While the court need not decide this issue, it is possible that plaintiff's claims are not, in fact, barred by the statute of frauds. See e.g., Hensley v. Poole, 910 So.2d 96, 105 (Ala. 2005).

copyright and, further, that "the subject matter of copyright, in terms of preemption, includes only those elements that are substantively qualified for copyright protection." Dunlap, *supra*, 381 F.3d at 1293-95. Copyright protection is not generally available for a mathematical formula or algorithm. See id. at 1295 ("'[U]nder the merger doctrine, "expression is not protected in those instances where there is only one or so few ways of expressing an idea that protection of the expression would effectively accord protection to the idea itself."' . . . [The idea at issue in Dunlap] is akin to the classic merger doctrine application to an algorithm.")(citations omitted); 17 U.S.C. § 102(b)(excluding from copyright protection "any idea, procedure, process, system, method of operation, concept, principle, or discovery"); Baker v. Selden, 101 U.S. 99, 103 (1879)("The copyright of a work on mathematical science cannot give to the author an exclusive right to the methods of operation which he propounds, or to the diagrams which he employs to explain them, so as to prevent an engineer from using them whenever occasion requires."); MiTek Holdings, Inc. v. Arce Engineering Company, Inc., 89 F.3d 1548, 1556 n. 19 (11th Cir. 1996)("MiTek seems to misapprehend the fundamental principle of copyright law that copyright does not protect an idea, but only the expression of the idea. . . . Were we to grant copyright protection to MiTek's user interface, which is nothing more than a process, we would be affording copyright protection to a process that is the province of patent law."). The removing defendants, who bear the burden of establishing jurisdiction, have not produced evidence demonstrating that the algorithm at issue in this case is "substantively qualified for copyright protection" and, thus, have failed to establish that plaintiff's state law claims are preempted by the Copyright Act.

Defendants cite no case law in support of their argument that plaintiff's claims are preempted by federal patent law. (See Doc. # 10, pp. 5-7; Doc. # 1, pp. 6-7).

> Commercial agreements traditionally are the domain of state law. State law is not displaced merely because the contract relates to intellectual property which may or may not be patentable; the states are free to regulate the use of such intellectual property in any manner not inconsistent with federal law. In this as in other fields, the question of whether federal law pre-empts state law "involves a consideration of whether that law 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.'"
>
> In Kewanee Oil Co. [v. Bicron Corp., 416 U.S. 470, 480-81 (1974), the Supreme Court] reviewed the purposes of the federal patent system. First, patent law seeks to foster and reward invention; second, it promotes disclosure of inventions, to stimulate further innovation and to permit the public to practice the invention once the patent expires; third, the stringent requirements for patent protection seek to assure that ideas in the public domain remain there for the free use of the public.

Aronson v. Quick Point Pencil Company, 440 U.S. 257, 262 (1979)(citations omitted). Defendants have not argued or demonstrated that enforcement of the contract rights alleged in the complaint is inconsistent with the purposes of federal patent law. Thus, the court concludes that plaintiff's state law claims are not preempted by patent law.

## CONCLUSION

Upon consideration of defendant's motion to strike (Doc. # 15), it is

ORDERED that the motion is DENIED.

For the foregoing reasons, it is further ORDERED that plaintiff's motion to remand and to award attorney fees (Doc. # 5) is GRANTED to the extent that this action is REMANDED to the Circuit Court of Autauga County, Alabama pursuant to 28 U.S.C.

§ 1447(c) for lack of subject matter jurisdiction. To the extent the motion seeks an award of attorney's fees, the motion is DENIED.[8]

Done, this 21st day of April, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE

---

[8] While this is a close case, the court concludes that defendants' removal of this action on the basis of federal question jurisdiction was objectively reasonable in view of their preemption argument. See Martin v. Franklin Capital Corporation, 126 S.Ct. 704, 708 (2005)("We hold that, absent unusual circumstances, attorney's fees should not be awarded [under 28 U.S.C. § 1447(c)] when the removing party has an objectively reasonable basis for removal.").